Edward C. BLANK, II, Executor of the Estate of Fred Lee Blank, Appellant,

v.

Martha B. OLSEN, Commissioner of Revenue, Appellee.

Supreme Court of Tennessee,
at Nashville.

Dec. 19, 1983.

Joe I. Majors, Knoxville, Edward C. Blank, II, Columbia, for appellant.

William M. Leech, Jr., Atty. Gen., Joe C. Peel, Asst. Atty. Gen., Nashville, for appellee.

OPINION

ALLISON B. HUMPHREYS, Special Justice.

Plaintiff-appellant, Edward C. Blank, II, executor of the estate of Fred Lee Blank, has appealed from a judgment of the Davidson County Chancery Court dismissing his action to recover inheritance taxes paid on property, a part of the estate of which he is executor.

The facts, briefly, are that Fred Lee Blank died testate in Davidson County on May 17, 1976. On probate of his will, on May 21, 1976, Edward C. Blank, II was appointed executor. On February 17, 1977, the estate voluntarily paid one hundred percent of the inheritance taxes due on a piece of property owned by decedent testator and his wife, by the entireties. On February 25, 1980, the case of *Pierce v. Woods,* 597 S.W.2d 295 (Tenn.1980), was decided by this Court, overruling *Murfreesboro Bank and Trust Co. v. Evans,* 193 Tenn. 34, 241 S.W.2d 862 (1951), which had held that inheritance taxes were to be collected on property owned by the entireties on the basis of the ratio of the percentage of the purchase price paid by the decedent estateholder to the value of the property. *Pierce* reconstrued the inheritance tax statute and held that the tax should be paid only on fifty percent of the value of the property. On August 27, 1981, plaintiff requested refund of the inheritance taxes paid. On August 31, 1981, this request was denied.

After some legal maneuvering, on June 21, 1982, plaintiff-appellant filed a petition for a common law writ of certiorari, seeking review of the defendant-appellee commissioner's action, and recovery of the inheritance tax. A writ issued to the commissioner and she filed a return stating the inheritance tax had been lawfully paid, and denied the request for a refund; she also answered that she had not acted arbitrarily, capriciously or illegally.

The chancellor held that defendant commissioner had discretion to disallow the claim, and dismissed plaintiff's petition.

In this Court both parties raised complex procedural questions, none of which we shall address, because it is clear that as a matter of law, plaintiff-appellant has no case on which recovery could be allowed on any of the grounds or procedures urged on us. In other words, on its merits, defendant-appellee commissioner correctly and legally decided that plaintiff-appellant was not entitled to a refund.

In final analysis, the refund contention is predicated upon the proposition that upon this Court's decision in *Pierce,* by retrospective operation of the decision, the Blank estate became entitled to recover the inheritance taxes paid. This is an erroneous assumption. There is nothing said in *Pierce* indicating it is to have retrospective effect, and in the absence of such an expressed intent the rule is as stated in 20 Am.Jur.2d *Courts* § 234, that the decision overruling a judicial construction of a statute will not be given retroactive effect. The entire section is here set forth:

§ 234. —— *Change in construction of statute.*

The overruling of a judicial construction of a statute will not be given retroactive effect. Such a decision will be limited to the effect ordinarily inherent in a legislative change of a statutory rule, that is, merely prospective effect.[20] This principle has been applied, for example, to a change, by reversal of prior decisions, in the judicial construction of a statute of descent.[1]

---

[20] *Taylor v. Ypsilanti,* 105 U.S. 60, 26 L.Ed. 1008; *Douglass v. Pike County,* 101 U.S. 677, 25 L.Ed. 968; *Prall v. Burckhartt,* 299 Ill. 19, 132 N.E. 280, 18 A.L.R. 992; *Gentzler v. Smith,* 320 Mich. 394, 31 N.W.2d 668; *Klocke v. Klocke,* 276 Mo. 572, 208 S.W. 825; *Continental Supply Co. v. Abell,* 95 Mont. 148, 24 P.2d 133; *Thomas v. State,* 76 Ohio St. 341, 81 N.E. 437; *Bagby v. Martin,* 118 Okl. 244, 247 P. 404; *Kelley v. Rhoads,* 7 Wyo. 237, 51 P. 593.

[1] *Haskett v. Maxey,* 134 Ind. 182, 33 N.E. 358; *People ex rel. Rice v. Graves,* 242 App. Div. 128, 273 N.Y.S. 582, affd 270 N.Y. 498, 200 N.E. 288, cert. den. 298 U.S. 683, 56 S.Ct. 953, 80 L.Ed. 1403.

In *Continental Supply Co. v. Abell,* 95 Mont. 148, 24 P.2d 133, 140 (1933), the rule is elaborated on in this language:

The rule that a judicial interpretation of a statute becomes a part of the statute itself, so far as contract and property rights are concerned, and that changes in judicial interpretation should not be given retroactive effect, has received judicial sanction by many courts. *Douglass v. Pike County,* 101 U.S. 677, 25 L.Ed. 968; 7 R.C.L. 1010; *Bagby v. Martin,* 118 Okl. 244, 247 P. 404; *Hoven v. McCarthy Bros.,* 163 Minn. 339, 204 N.W. 29; and see 37 Harvard Law Review at p. 424. And it has been held to apply as well to questions of procedure affecting property rights (*Norton v. Crescent City Ice Mfg. Co.* (La.App.) 146 So. 753; *State v. Haid,* 327 Mo. 567, 38 S.W.2d 44; *Kelley v. Rhoads,* 7 Wyo. 237, 51 P. 593, 39 L.R.A. 594, 75 Am.St.Rep. 904), to a criminal case (*State v. Bell,* 136 N.C. 674, 49 S.E. 163), and to a penalty (*People v. Tompkins,* 186 N.Y. 413, 79 N.E. 326, 12 L.R.A.[N.S.] 1081). "A change in the judicial view of the law by a subsequent decision could not amount to more than a change in the law by legislation," and, of course, could act prospectively only. *In re Knowles' Estate,* 295 Pa. 571, 145 A. 797, 63 A.L.R. 1086; *Klocke v. Klocke,* 276 Mo. 572, 208 S.W. 825; and see 7 R.C.L. 1010, note 20, and cases there cited.

■ While the state's relationship to a taxpayer is not one of contract and is, in essence, one of sovereignty, nevertheless, title to tax money vests in the State upon voluntary payment and can only be divested by law.

It has been repeatedly held that taxes paid voluntarily are not recoverable. *Cincinnati No. & T.P.R. Co. v. Hamilton County,* 120 Tenn. 1, 113 S.W. 361 (1907); *Dickins v. Jones,* 14 Tenn. 483 (1834); *Carr v. City of Memphis,* 22 F.2d 678 (6th Cir.1928); *Union & Planters' Bank v. City of Memphis,* 107 Tenn. 66, 64 S.W. 13 (1901). In the case of *Universal Life Insurance Co. v. City of Memphis,* 21 Tenn.App. 1, 103 S.W.2d 912 (1936), the Court stated that as a general rule if the taxes assessed are voluntarily paid, the taxpayer cannot maintain an action to recover them.

■ Article II, Section 24 of the Constitution of Tennessee provides that no money shall be drawn from the treasury but in consequence of appropriations made by law. This constitutional provision and the cases cited clearly demonstrate that tax money paid into the treasury of the State becomes the property of the State, with title thereto vested in the State and that no opinion of this Court changing the construction of a statute can constitutionally operate retrospectively so as to divest the State of title to that money. Just as a person, the State is protected by the Constitution with respect to its vested rights.

With respect to the proposition that the inheritance tax money went into the State Treasury upon its payment, we refer to T.C.A. § 9–2–127, which provides as follows:

9–2–127. *Payment of receipts into treasury.*—Every department, institution, office, and agency of the state, and every officer and employee of the state government, whether located at the capitol or not, collecting or receiving public money, or money from any source whatsoever, belonging to or for the use of the state, or for the use of any state department or agency, shall pay the same immediately into the state treasury, without any deductions on account of salaries, fees, costs, charges, expenses, refunds, claims, or demands of any description whatsoever; . . .

Additionally, T.C.A. § 9–2–129 prohibits departmental bank accounts.

■ This Court concludes that, since the changes in fiscal practices of the State in 1937, the Commissioner of Revenue does not have a fund from which disbursements can be made. That all monies collected by the Commissioner of Revenue presumptively go directly into the State Treasury where it becomes vested State money.

This being the law, the plaintiff-appellant presents no case upon which relief can be

granted, so the denial of the refund by the Commissioner of Revenue was correct and is affirmed with costs against plaintiff-appellant.

FONES, C.J., and COOPER, BROCK and DROWOTA, JJ., concur.