IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 2000 Session

**TIMOTHY P. HANCOCK, et al. as next friends and parents of the minor
BREANNA HANCOCK v. THE CHATTANOOGA-HAMILTON COUNTY HOSPITAL
AUTHORITY, d/b/a T.C. THOMPSON CHILDREN'S HOSPITAL, ET AL.**

**Interlocutory Appeal from the Circuit Court for Hamilton County
No. 94-CV-2355    Samuel H. Payne, Judge**

**filed July 27, 2000**

**No. E1999-00169-COA-R9-CV**

The issues in this medical malpractice case turn on whether the holding of the Supreme Court in the case of ***Jordan v. Baptist Three Rivers Hospital***, 984 S.W.2d 593 (Tenn. 1999) applies to the facts now before us. Because the cause of action in the instant case accrued prior to the release of the Supreme Court's opinion in ***Jordan***, we conclude that the holding in that case cannot be retrospectively applied to the instant case. Accordingly, we affirm the trial court's judgment dismissing that portion of the amended complaint seeking loss of consortium damages.

**Tenn. R. App. P. 9 Appeal by Permission; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

George E. Koontz and John D. McMahan, Chattanooga, Tennessee, for the appellants, Timothy P. Hancock and Tina M. Hancock.

Robert Boehm and Daniel M. Stefaniuk, Chattanooga, Tennessee, for the appellee, The Chattanooga-Hamilton County Hospital Authority, d/b/a T.C. Thompson Children's Hospital.

Arthur P. Brock, John B. Bennett, and Stephany S. Pedigo, Chattanooga, Tennessee, for the appellee, Kenneth Platt, M.D.

**OPINION**

## I. *Background*

The plaintiffs, Timothy P. Hancock and his wife, Tina M. Hancock, filed this action on December 15, 1994. The complaint alleges that the defendants, Kenneth Platt, M.D., and The Chattanooga-Hamilton County Hospital Authority, doing business as T.C. Thompson Children's Hospital ("CHCHA"), were negligent in their treatment of the plaintiffs' daughter, Breanna Hancock. The complaint alleges that the defendants' negligence resulted in Breanna's death on January 20, 1994. With respect to damages, the complaint alleges that

> [a]s a direct and proximate result of the defendants' negligence and/or reckless conduct, the plaintiffs have suffered and continue to suffer from extreme mental anguish and emotional distress. The plaintiffs, as next best [sic] friends and legal guardians of Breanna Hancock, further alleges [sic] as damages, the pecuniary value of their daughter's life.

On January 25, 1999, the Supreme Court released its opinion in the case of ***Jordan v. Baptist Three Rivers Hospital***, 984 S.W.2d 593 (Tenn. 1999). ***Jordan*** deals with the question of "whether claims for loss of spousal and parental consortium in wrongful death cases are viable in Tennessee under [T.C.A.] § 20-5-113." ***Id***. at 595. The Supreme Court, expressly overruling ***Davidson Benedict Co. v. Severson***, 109 Tenn. 572, 72 S.W. 967 (Tenn. 1903), held in ***Jordan*** "that consortium-type damages may be considered when calculating the pecuniary value of a deceased's life." ***Id***. at 600-01.

Following release of the Supreme Court's opinion in ***Jordan***, the plaintiffs amended their complaint by adding the following language:

> As a proximate and direct result of the negligence of the defendants, Breanna Hancock died. In addition to damages for the pecuniary value of the life of Breanna Hancock, plaintiffs sue the defendants for consortium losses including, but not limited to, loss of the companionship, comfort, society, guidance, solace and love of Breanna Hancock to her parents and family as a direct result of her wrongful death.

Dr. Platt subsequently moved for a judgment on the pleadings, and CHCHA moved to dismiss the amendment. On October 19, 1999, the trial court dismissed the amendment on what it considered to be three independently sufficient grounds:

> This is a medical malpractice case. The plaintiffs' amendment is time barred pursuant to the statute of repose set forth at Tennessee Code Annotated §29-26-116. The amendment, filed July 20, 1999, states a claim not heretofore pleaded. The Court finds that the case accrued

no later than January 20, 1994, and all claims, regardless of the date of discovery, were to have been brought by January 20, 1997.

In the instant wrongful death case, the plaintiffs are parents seeking to recover the loss of consortium of their deceased child. The Court in *Jordan v. Baptist Three Rivers Hospital, et al.,* 984 S.W.2d 593 (Tenn. 1999), explicitly stated that the *Jordan* decision was not applicable in a case wherein parents seek the loss of consortium of their deceased child. *Jordan v. Baptist Three Rivers Hospital, et al.*, 984 S.W.2d at 595-596. Therefore, the *Jordan* decision does not apply to the instant wrongful death case and the damages which may be recovered in the instant case are governed by the case law as it existed prior to *Jordan*.

The instant case accrued before *Jordan* was decided. *Jordan* may not be applied retrospectively to the instant case.

The plaintiffs appeal, challenging the correctness of each of the trial court's bases for dismissing the amendment. We will focus on the trial court's third ground -- that *Jordan* cannot be retrospectively applied -- as we find it dispositive of this appeal.

## II. *Standard of Review*

Because the issues before us are questions of law, our review is *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

## III. *Analysis*

As previously stated, the Supreme Court in *Jordan* overruled *Davidson Benedict Co. v. Severson*, 109 Tenn. 572, 72 S.W. 967 (Tenn. 1903) and held "that consortium-type damages may be considered when calculating the pecuniary value of a deceased's life." *Id*. at 600-01. This holding "[did] not create a new cause of action but merely refine[d] the term 'pecuniary value.'" *Id*. at 601.

We recently addressed the question of whether *Jordan* can be applied retrospectively in *Rothstein v. Orange Grove Center, Inc.*, C/A No. E1999-00900-COA-R3-CV, 2000 WL 682648 (Tenn. Ct. App. E.S., filed May 25, 2000). In that case, we stated the following:

Article I, § 20 of the Constitution of Tennessee provides that "no retrospective law, or law impairing the obligations of contracts, shall be made." In *Blank v. Olsen*, 662 S.W.2d 324 (Tenn. 1983), the Supreme Court said, quoting with approval, Am.Jur.2d *Court* § 234,

that the overruling of a judicial construction of a statute will not be given retrospective effect where rights are vested, and the decision will be treated as in effect a legislative change of a statutory rule. Clearly, *Jordan* overruled a prior judicial construction of a statute establishing rights of parties, bringing *Jordan* within the constitutional prohibition. This rule is sometimes confused with the common law rule, which the Court may, if it so expresses, make its ruling retrospective when making changes in the common law. This is because as a general rule rights are not vested under common law principles, and are subject to be changed by the courts.

*Rothstein*, 2000 WL 682648 at *2.

Our decision in *Rothstein* is in accord with two earlier decisions from the Western Section of this Court. *See Hill v. City of Germantown*, C/A No. 02A01-9803-CV-00078, 1999 WL 142386 (Tenn. Ct. App. W.S., filed March 17, 1999), *perm. app. granted* September 20, 1999; *McCracken v. City of Millington*, C/A No. 02A01-9707-CV-00165, 1999 WL 142391 (Tenn. Ct. App. W.S., filed March 17, 1999). In those cases, the Court, speaking through Judge Farmer, quoted the following language from *Blank v. Olsen*, 662 S.W.2d 324, 325 (Tenn. 1983):

> There is nothing said in [the case[1] under discussion in *Blank*] indicating it is to have retrospective effect, and in the absence of such an expressed intent the rule is...that the decision overruling a judicial construction of a statute will not be given retroactive effect.

*Hill*, 1999 WL 142386 at *11; *McCracken*, 1999 WL 142391 at *17. Finding that *Jordan* did not include any language expressly providing for its retrospective application, the Western Section held that it could not be so applied. *Hill*, 1999 WL 142386 at *11; *McCracken*, 1999 WL 142391 at *17.

The plaintiffs concede that *Hill* and *McCracken* are contrary to their position.[2] They attempt to avoid the effect of these cases in a variety of ways: (1) by minimizing their precedential value; (2) by distinguishing those cases from the instant case; (3) by challenging the rationale of *Hill* and *McCracken*; and (4) by arguing that a different rule applies to the instant case.

The plaintiffs first attempt to minimize the precedential value of *Hill* and *McCracken* by emphasizing that they are unpublished opinions and that they are not the final word on the matter because the Supreme Court has granted permission to appeal in the *Hill* case. This is all true, of course, but it is of little consequence. In our judgment, the holdings in *Hill* and *McCracken*, as well

---

[1] *Pierce v. Woods*, 597 S.W.2d 295 (Tenn. 1980).

[2] We decided *Rothstein* after the parties filed their briefs. We assume the plaintiffs would make the same arguments with respect to *Rothstein*.

as the holding in **Rothstein**, are based on well-established legal principles.  The Supreme Court's decision to grant permission to appeal in **Hill** does not persuade us that we should ignore the common holding in those three cases.

The plaintiffs also argue that the instant case is distinguishable from **Hill** and **McCracken** in that those cases were filed *and tried* before **Jordan** was decided while the instant case was filed, *but not yet tried* at the time the **Jordan** decision was released.[3]  The plaintiffs emphasize the portion of the **Hill** and **McCracken** opinions stating that "we must review the ruling of the trial court under the law in existence at the time of trial."  **Hill**, 1999 WL 142386 at *11; **McCracken**, 1999 WL 142391 at *17.

We are of the opinion that this distinction is without significance.  The critical date in the current analysis is the date on which the cause of action accrued.  ***Midland Bank & Trust Co. v. Olsen***, 717 S.W.2d 580, 584 (Tenn. 1986); *see also* ***Nutt v. Champion Int'l Corp.***, 980 S.W.2d 365, 368 (Tenn. 1998) (in discussing the retroactivity of a workers' compensation statute, the Supreme Court stated that "the statute in effect at the date of the worker's injury governs the rights of the parties under workers' compensation law absent an indication of the legislature's contrary intent.").  The cause of action in the instant case accrued no later than January 20, 1994, the date that the plaintiffs' daughter died. *See, e.g.,* ***Craig v. R.R. Street & Co.***, 794 S.W.2d 351, 355 (Tenn. Ct. App. 1990) ("A cause of action for wrongful death accrues as of the date a cause of action accrues for the injury which resulted in the death.").  **Jordan** was not decided until January 25, 1999, some five years after the plaintiffs' cause of action accrued.  Therefore, in order for **Jordan** to apply to the instant case, it would have to apply retrospectively.  The fact that this case will be *tried* after the release of  the **Jordan** decision does not make the instant case eligible for the "prospective" application of **Jordan**.

The plaintiffs next challenge the holding of **Hill** and **McCracken** to the effect that, of several litigants simultaneously arguing for the change in the construction of the wrongful death statutes ultimately adopted by the Supreme Court in **Jordan**, only the first to the Supreme Court realizes the benefit of his or her effort.  This, according to the plaintiffs, is not fair.

We do not consider this to be a sufficient reason to find that the trial court erred in dismissing the amendments.  As we stated previously, the rule is that **Jordan** is not to be applied retrospectively.  That the **Jordan** plaintiffs receive the benefit of the change in the construction of the wrongful death statute while others, who are similarly situated -- those whose causes of action also accrued prior to the date of **Jordan** -- do not, is more of a necessary exception to the rule of non-retroactivity than an endorsement of a rule of retroactivity.  As Justice Henry explained in ***Cumberland Capital Corp. v. Patty***, 556 S.W.2d 516, 542 (Tenn. 1977), "the party who brings about the change in law may not properly be deprived of the fruits of his victory." (Citations omitted).  Justice Henry also quoted

---

[3]We note that *Rothstein* was in the same posture as were *Hill* and *McCracken*, *i.e.*, it was tried before the *Jordan* decision was released.

*Stovall v. Denno*, 388 U.S. 293, 301, 87 S. Ct. 1967, 1972, 18 L.Ed.2d 1199, 1206 (1967), which said:

> Inequity arguably results from according the benefit of a new rule to the parties in the case in which it is announced but not to other litigants similarly situated in the trial or appellate process who have raised the same issue. But we regard the fact that the parties involved are chance beneficiaries as an insignificant cost for adherence to sound principles of decision-making.

Therefore, we do not find this argument sufficient to compel a finding that the trial court erred in its application of the law.

The plaintiffs' final argument builds on the general rule that "[a] change in the judicial construction of a statute becomes a part of the statute itself and thus has the same effect as a change in the law by legislation." *Hill*, 1999 WL 142386 at *10; *McCracken*, 1999 WL 142391 at *16; *see also Blank*, 662 S.W.2d at 325; *Rothstein*, 2000 WL 682648 at *2. With this general rule in mind, the plaintiffs argue that because *Jordan* overruled a prior judicial construction of the wrongful death statute, not only do the rules relating to legislative changes in the law apply, but so too must the exceptions to those rules.

The general rule relating to statutes is that they "are presumed to operate prospectively unless the legislature clearly indicates otherwise." *Nutt v. Champion Int'l Corp.*, 980 S.W.2d 365, 368 (Tenn. 1998). An exception to the general rule, however, is that "remedial" or "procedural" statutes may apply retrospectively. *Id*. A procedural statute is one that defines the manner by which a party may enforce a legal right. *Doe v. Sundquist*, 2 S.W.3d 919, 923 (Tenn. 1999). A remedial statute is one that "provides the means by which a cause of action may be effectuated, wrongs addressed, and relief obtained." *Id*. However, "[s]tatutes that create a new right of recovery or change the amount of damages recoverable are...deemed to have altered the parties' vested rights and thus *are not considered remedial*." *Shell v. State*, 893 S.W.2d 416, 420 (Tenn. 1995). (Emphasis added).

The plaintiffs' rights in this case arose, at the latest, on the date of their daughter's death.[4] *Cf*. *Crismon v. Curtiss*, 785 S.W.2d 353, 354 (Tenn. 1990) (stating that an automobile accident victim's rights arose on the date of the accident). On that date, the state of the law was such that the plaintiffs could not claim loss of consortium as a compensable injury under the wrongful death statutes. The *Jordan* decision changed this rule some five years later and, in effect, altered the types of damages that are recoverable in a wrongful death action. Thus, this change must be deemed to have altered a vested right and cannot be considered remedial. It follows that the exception to the general rule of non-retroactivity cannot apply, and that therefore, *Jordan* cannot be retrospectively applied to the facts of the instant case.

---

[4] It is not clear from the pleadings whether the death of the deceased occurred on the same day as the alleged negligence.

Therefore, we find and hold that the trial court did not err in dismissing the plaintiffs' amendment on the ground that *Jordan* does not apply retrospectively. Because our decision on the retroactivity issue is dispositive of this appeal, the remaining issues are pretermitted.

IV. *Conclusion*

The judgment of the trial court is affirmed. This case is remanded for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellants.

_____
CHARLES D. SUSANO, JR., JUDGE