IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
DECEMBER 6, 2000 Session

## STEFFONE MCCLENDON, FATHER OF DAMIEN O'SHAY MAURICE MCCLENDON, THE NEXT OF KIN OF CYNTHIA VANESSA FRANCIS, DECEASED v. DR. ELAINE BUNICK

Direct Appeal from the Circuit Court for Knox County
No. 1-606-96; The Honorable Dale C. Workman, Judge

FILED MAY 21, 2001

No. E1999-02814-COA-R3-CV

In this medical malpractice action, Plaintiff appeals the trial court's entry of summary judgment in favor of the Defendant, Dr. Bunick. For the reasons set forth below, we affirm the trial court in all respects.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

H. Naill Falls, Jr., James B. Johnson, Nashville, for Appellant

Wynne C. Hall, Summer H. Stevens, Knoxville, for Appellee

**OPINION**

**Facts and Procedural History**

The decedent, Cynthia Vanessa Francis (Ms. Francis), who was 19 years old, made two visits to the emergency room at Sweetwater Hospital on January 20 and 22 of 1996. On both occasions, Ms. Francis was treated by Dr. Crowder. Dr. Crowder diagnosed Ms. Francis as having an upper respiratory infection with bronchitis and pharyngitis and prescribed medication.

Later on in the afternoon of January 22, 1996, Ms. Francis' condition worsened, and her mother and grandfather took her to the Methodist Medical Center in Oak Ridge, Tennessee. Upon arrival at the Methodist Medical Center, the doctors determined that Ms. Francis was suffering from a condition called diabetic ketoacidosis and ordered that she be hospitalized. While at the Methodist Medical Center, Dr. Bunick ordered that a drug called sodium bicarbonate be administered to Ms.

Francis. On January 23, 1996, approximately seven hours after Ms. Francis arrived at the Methodist Medical Center, she died. Plaintiff alleges that Ms. Francis died as a result of complications caused by the diabetic ketoacidosis and the excessive administration of sodium bicarbonate.

On September 30, 1996, Plaintiff filed suit against Dr. Crowder, Emergency Coverage Corporation, and Sweetwater Hospital Association. Dr. Crowder filed his answer on November 18, 1996. In his answer, Dr. Crowder did not seek to assign fault to any of the other physicians who treated Ms. Francis before her death.

Although Plaintiff was aware that Dr. Bunick was one of Ms. Francis' treating physicians, Plaintiff did not name Dr. Bunick as a defendant when he filed suit on September 30, 1996. Plaintiff met with Dr. Bunick on November 8, 1996, to ask her opinion about the treatment of Ms. Francis by Dr. Crowder at the Sweetwater Hospital. Moreover, Plaintiff had the case reviewed by at least six physicians, including one practicing in endocrinology, which is Dr. Bunick's specialty. While Plaintiff was aware that Dr. Bunick was a treating physician and consulted several experts concerning Dr. Bunick's treatment of Ms. Francis, Plaintiff claims that he could not find a competent expert who could establish liability against Dr. Bunick. Under those circumstances, Plaintiff's counsel claims, he could not file suit against Dr. Bunick consistent with the requirements of Rule 11 of the Tennessee Rules of Civil Procedure.

On July 6, 1998, Dr. Crowder filed a Motion to Amend Answer seeking to assign fault to Dr. Van Mask, Endocrine Associates, P.C., and East Tennessee Pulmonary Associates, P.C. The court granted Dr. Crowder's motion to Amend Answer by order on August 5, 1998. The August 5 order also granted Plaintiff's Motion to Continue Trial Date to permit the Plaintiff "to amend for a joinder of additional defendants."

Plaintiff's amended complaint adding Dr. Bunick to the case was filed on October 6, 1998. Dr. Bunick filed a Motion for Summary Judgment on August 2, 1999, asserting a statute of limitations defense. The trial court granted the motion, which is the subject of this appeal, on September 30, 1999.

Plaintiff appeals the decision of the trial court raising the following issues, as we perceive them, for our review:

1) Whether the trial court erred in dismissing Plaintiff's claim against Dr. Bunick based on the statute of limitations in light of section 20-1-119 of the Tennessee Code.
2) Whether Plaintiff's claim against Dr. Bunick relates back to the filing of the original complaint under Rule 15.03 of the Tennessee Rules of Civil Procedure.
3) Whether Plaintiff's claim against Dr. Bunick was tolled because Plaintiff is a minor.
4) Whether the trial court erred in dismissing appellant's claim for loss of parental consortium damages on the ground that the supreme court's decision in Jordan v. Baptist Three Rivers Hospital may not be retroactively applied.

## Standard of Review

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that she is entitled to a judgment as a matter of law. TENN. R. CIV. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in his favor and discarding all countervailing evidence. Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns only questions of law, the trial court's judgment is not presumed correct, and our review is *de novo* on the record before this Court. Warren v. Estate of Kirk, 954 S.W.2d 722, 723 (Tenn.1997); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

## Analysis

Plaintiff first argues that the original statute of limitations did not begin to run until Plaintiff knew, or in the exercise of reasonable diligence should have known, that he had a valid legal claim against Dr. Bunick. Plaintiff cites Terry v. Niblack, 979 S.W.2d 583 (Tenn. 1998), for this proposition. It appears that Plaintiff would have this court hold that the statute of limitations did not begin to run until he had a competent expert ready to testify that Dr. Bunick was at fault. This is certainly not the law in Tennessee. "A cause of action generally accrues when the tort is complete and injury to the plaintiff has occurred." Hunter v. Brown, 955 S.W.2d 49, 51 (Tenn. 1997). The discovery rule tolls the statute of limitations "only during the period when plaintiff has no knowledge at all that a wrong has occurred and, as a reasonable person, was not put on inquiry." Id. In Terry v. Niblack, our supreme court stated the following:

> It is not required that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a right of action; the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct.

Terry, 979 S.W.2d at 586 (quoting Carvell v. Bottoms, 900 S.W.2d 23 (Tenn. 1995)). Moreover, in Stanbury v. Bacardi, 953 S.W.2d 671 (Tenn. 1997), our supreme court specifically stated that "[a]dvice from another health care professional that a claim exists is not a prerequisite to accrual of a medical malpractice cause of action." Id. at 678. In the case at bar, Plaintiff not only knew that an injury had occurred, but he was made aware by his own expert that Dr. Bunick may have caused or contributed to Ms. Francis' death. Therefore, we find that the discovery rule does not apply and the statute of limitations expired in this case on January 23, 1997, which was one year after Ms. Francis' death.

Next, Plaintiff contends that the trial court erred in dismissing his claim against defendant Dr. Bunick because Plaintiff argues that section 20-1-119 of the Tennessee Code allows him to file

the amended complaint in this case within the ninety-day time period permitted in the statute. Section 20-1-119 of the Tennessee Code provides, in pertinent part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:
>
> (1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or
>
> (2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an "original complaint initiating the suit" or "an amended complaint" for purposes of this subsection.
>
> (b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

TENN. CODE ANN. § 20-1-119 (1994).

Defendant counters by arguing that section 20-1-119 of the Tennessee Code was never triggered in the first instance. When Defendant Dr. Crowder amended his answer, he named, as a party, Endocrine Associates, P.C., but he did not name Dr. Bunick individually. When Plaintiff amended his complaint, however, he added Dr. Elaine Bunick, instead of Endocrine Associates, P.C. Defendant alleges that as a result of Plaintiff naming Dr. Elaine Bunick as a party instead of Endocrine Associates, P.C., section 20-1-119 was never triggered because Dr. Bunick was not named in Dr. Crowder's amended answer. We disagree. It is undisputed that Dr. Elaine Bunick is the sole owner and sole physician practicing as an employee of Endocrine Associates, P.C. While it is true, as Defendant points out, that a corporation is a legal entity in and of itself, the circumstances of this case are somewhat unique in that Dr. Bunick is the sole owner and only employee of Endocrine Associates, P.C. Section 20-1-119 is not to be construed narrowly. As our supreme court has stated, "[i]t must be remembered that Tenn. Code Ann. § 20-1-119 was enacted in response to this Court's

-4-

adoption of comparative fault, and that the concepts of fairness and efficiency form the basis of such a system." Browder v. Morris, 975 S.W.2d 308, 312 (Tenn. 1998). Therefore, under the extremely narrow circumstances of this case, we find that section 20-1-119 of the Tennessee Code was triggered when Plaintiff named Dr. Elaine Bunick in his amended complaint.

Now, we must address whether section 20-1-119 of the Tennessee Code saves the Plaintiff by allowing him to properly bring in Dr. Bunick even though the statute of limitations has expired. First, it is undisputed that Plaintiff knew that Dr. Bunick was one of Ms. Francis' treating physicians well before the one-year statute of limitations expired. Dr. Norman Hasty, who is one of Plaintiff's experts, stated in a deposition that it was his opinion in June of 1996 that the medical care afforded to Ms. Francis at the Methodist Medial Center in Oak Ridge failed to meet the acceptable standard of professional practice. Dr. Hasty also stated in his deposition that his opinion in June of 1996 also referred to the care of Dr. Bunick. Moreover, in the affidavit of H. Naill Falls, Jr., one of Plaintiff's attorneys in this case, Mr. Falls states the following:

> Although Mr. Johnson and I had this case reviewed by at least six physicians, including one internal medicine specialist and two physicians practicing in the internal medicine subspecialty of endocrinology, at no time prior to 1998 were we aware of any competent expert who could establish liability in this case against Dr. Elaine Bunick, the endocrinologist who treated Cynthia Francis at Oak Ridge Methodist Medical Center. Although Dr. Don Hasty, an emergency room physician, initially indicated that he believed Dr. Bunick's negligence had contributed to Cynthia Francis' death, as we discussed the issue with him in further depth, he advised us (1) that he was unable to testify that Dr. Bunick's negligence more probably than not caused or contributed to Ms. Francis' death and (2) that he was not able to testify as to the standard of care applicable to an endocrinologist practicing in Oak Ridge or a similar community.

Thus, although Plaintiff admits that he knew that Dr. Bunick was a treating physician and that he actively sought to establish liability against her, Plaintiff argues that he is still entitled to avail himself of section 20-1-119 of the Tennessee Code.

Section 20-1-119 was enacted in response to the adoption of comparative fault in Tennessee. See Browder v. Morris, 975 S.W.2d 308, 310 (Tenn. 1998). Section 20-1-119 has been interpreted differently by two sections of this court, as well as the Sixth Circuit Court of Appeals, See Whittlesey v. Cole, 142 F.3d 340 (6th Cir. 1998); Lipscomb v. Doe, No. 02A01-9711-CV-00293, 1998 WL 886601, at *1 (Tenn. Ct. App. Dec. 16, 1998) (rev'd on other grounds); Townes v. Sunbeam Oster Co., Inc., No. M1997-00245-COA-R3-CV, 2001 WL 92057, at *1 (Tenn. Ct. App. Feb. 5, 2001, application for permission to appeal filed April 5, 2001), on the issue of whether it applies to known or unknown tortfeasors. The language of section 20-1-119 does not directly

address this issue. Where the plain language of a statute does not directly address an issue or leads to an absurd result, courts can look beyond the statute and adopt a reasonable construction that provides for harmonious operation of the laws. See Lipscomb v. Doe, 32 S.W.3d 840, 844 (Tenn. 2000). Furthermore, it is well settled law that the primary purpose in construing statutes is to ascertain and give effect to the intention and purpose of the legislature. See State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993). "Where the language of the statute does not speak to the precise issue, courts should 'give consideration to the purpose, objective and spirit behind the legislation.'" Lipscomb, 32 S.W.3d at 845 (citing Dorrier v. Dark, 537 S.W.2d 888, 892 (Tenn. 1976).

A review of the legislative history indicates that section 20-1-119 of the Tennessee Code was designed to permit a plaintiff, after the running of the statute of limitations, to add a "phantom" or unknown person, where the plaintiff became aware of the existence of the unknown person due to the defendant's responsive pleading. On April 28, 1993, Representative Hargrove stated in the House Judiciary Committee that "it extends the time after you get the **phantom defendant** other one in for 90 days. . . ." (emphasis added). Furthermore, on May 5, 1993, Representative Hargrove stated the following in the House Calendar and Rules Committee:
"House Bill 1159 is an effort to respond to the Supreme Court decision in McIntyre v. Balentine regarding third party defendants. And this simply allows a plaintiff to add a third party defendant within 90 days **after they become aware that that person exists.**" (emphasis added).
Moreover, during discussions on the House Floor on May 6, 1993, Representative Hargrove stated the following:

> One of the things that was mentioned was the so-called **phantom defendant**. The problem, ladies and gentlemen, is that under the comparative negligence system, a plaintiff can file a lawsuit. The defendant on the last day of the statute of limitations can name an **unknown defendant**. Thereby leaving the plaintiff with no ability to reach this **unknown defendant**. Simply what this bill will do, if it's as to be amended, Mr. Speaker, and members of the House, is to take care of that **phantom defendant.**
>
> . . .
>
> This, this amendment simply states that when a defendant is named, a, an **unknown defendant** is named, the plaintiff has in the case a period of 90 days in which to add that person to the suit so that if that person is indeed responsible for damage done in the lawsuit, then they will be properly before the court. That's what this bill is intended to do. It takes care of . . . **the phantom defendant problem**.
>
> . . .

-6-

What this will do is, on the last date, the defendant names the **unknown party**, the, the plaintiff can add that party as well in the lawsuit. It allows the original plaintiff a period of 90 days after that party has become known.

(emphasis added).

The legislators were obviously concerned that a defendant might allege in his or her answer that a previously unknown party was wholly or partly responsible for the plaintiff's injuries. If such an allegation was made after the statute of limitations had expired, the plaintiff would be unable to recover from the newly named party. Section 20-1-119 of the Tennessee Code was designed to allow a plaintiff in this situation to amend his or her complaint and add as a defendant the party alleged by the original defendant to have caused or contributed to the plaintiff's injury, even if the statute of limitations applicable to the newly named defendant has expired. See Owens v. Truckstops of Am., 915 S.W.2d 420 (Tenn. 1996). It seems clear that the general assembly did not intend to grant a ninety-day blanket extension of the statute of limitations because T.C.A. § 20-1-119 does not apply unless "a defendant . . . alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery . . . " This condition of itself denotes that the extension would not arise unless a defendant makes an allegation with reference to a non-party. There would be no logical purpose for this condition except for the fact that a defendant cites a non-party previously unknown to the plaintiff.

In Whittlesey v. Cole, 142 F.3d 340 (6th Cir. 1998), the sixth circuit dealt with the same 20-1-119 issue that is before us. The Whittlesey Court stated as follows:

> [W]e may assume that one of the concerns was to prevent a defendant from naming and attributing fault to a previously unknown responsible party in its answer when the time for the plaintiff to bring the newly named party into the suit was insufficient or had passed. This concern, of course, arises only where the plaintiff has been unaware, until the defendant's answer, of the fault of another individual. . . . **It is, thus, plain that § 20-1-119 was not intended to apply to a plaintiff like Whittlesey who, long before the defendant's answer to the complaint,** *had knowledge that a third party may be at fault for the complained of injuries.*

Id. at 345 (emphasis added). While we are certainly aware that Whittlesey's interpretation of Tennessee law is not binding on this court, we find the decision to be well-reasoned and persuasive.

In Lipscomb v. Doe, No. 02A01-9711-CV-00293, 1998 WL 886601, at *1 (Tenn. Ct. App. Dec. 16, 1998) (rev'd on other grounds), this court also construed section 20-1-119. In Lipscomb, while the plaintiff was driving, she was chased and repeatedly struck from behind by another vehicle.

-7-

See id. at *1. The pursuing vehicle then pulled up beside Lipscomb and shot her. A short time later, an article appeared in the newspaper describing the incident. See id. The article also listed the names and addresses of the three men who had been arrested and charged with the attack. See id. Lipscomb reported the existence of this article to her insurance company. See id. When Lipscomb filed suit, she did not list any of the attackers by name that were listed in the newspaper article. See id. Rather, she filed her complaint using the "John Doe" procedure of section 56-7-1206(b) of the Tennessee Code. See id. Lipscomb's insurance company filed a motion to dismiss her "John Doe" complaint. See id. Lipscomb later filed a motion seeking leave to amend her complaint to add the three men named in the newspaper article. See id. Lipscomb's insurance company then filed a motion to dismiss her claims against the three men. See id. The trial court dismissed Lipscomb's claims. See id. Lipscomb appealed, raising as an issue whether the trial court should have allowed her to amend her complaint and name additional defendants under section 20-1-119 of the Tennessee Code. See id. In our analysis, we cited Whittlesey with approval. Furthermore, we stated that "**[w]e conclude that, prior to the filing of Lipscomb's complaint, she knew that [the three men named in the newspaper article] were potential parties. We therefore conclude, consistent with the court's holding in Whittlesey, that section 20-1-119 is inapplicable to the case at bar.**" Lipscomb, 1998 WL 886601, at *4 (emphasis added).

As discussed above, the Plaintiff in the instant case not only knew that Dr. Bunick was a treating physician, but the Plaintiff consulted at least six experts, seeking to establish liability against Dr. Bunick before the statute of limitations expired. The policy and intent behind section 20-1-119 of the Tennessee Code is to avoid unfair surprise for plaintiffs who have no notice of additional defendants until those defendants are named in an answer, often after the statute of limitations has run as to those additional parties, thus precluding plaintiffs from recovering from them for their apportioned share of fault. In the case at bar, Plaintiff was by no stretch of the imagination caught by unfair surprise when Endocrine Associates P.C. was named in Dr. Crowder's amended answer. As a result, we must hold, consistent with Whittlesey, Lipscomb, and the express legislative intent, that section 20-1-119 of the Tennessee Code was not intended to aid a plaintiff such as here where the Plaintiff is aware of and actively seeks to establish liability against a potential responsible party before the statute of limitations expires.

Finally, we note that we are aware of our colleagues' interpretation of section 20-1-119 of the Tennessee Code in Townes v. Sunbeam Oster Co., Inc., No. M1997-00245-COA-R3-CV, 2001 WL 92057, at *1 (Tenn. Ct. App. Feb. 5, 2001). In Townes, the middle section of this court interpreted section 20-1-119 and concluded that a plaintiff's knowledge of the existence of other persons who might be liable for the plaintiff's injuries is irrelevant. While we are hesitant to hold contrary to a decision by another section of this court, we note that the Townes opinion is not controlling, as it has not been reported in the official reporter. TENN. S.CT.R. 4(H)(1) & (2).[1]

---

[1]We are also aware of Justice Holder's concurring and dissenting opinion in Lipscomb v. Doe, 32 S.W.3d 840 (Tenn. 2000). While the majority of our supreme court did not address the 20-1-119 issue, Justice Holder concluded that section 20-1-119 of the Tennessee Code did not require "that the party sought to be added be unknown at the time of the filing of the complaint." Id. at 851.

Next, Plaintiff asserts that his claim against Dr. Bunick relates back to the filing of the original complaint under Rule 15.03 of the Tennessee Rules of Civil Procedure. Rule 15.03 states that:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

TENN. R. CIV. P. 15.03.

In Grantham v. Jackson-Madison County General Hospital District, 954 S.W.2d 36 (Tenn. 1997), our supreme court interpreted Rule 15.03. In Grantham, the plaintiff filed suit and named Jackson-Madison County General Hospital as the defendant. See id. The hospital filed a motion to dismiss arguing that plaintiff failed to include the word "District" from its name and that Jackson-Madison County General Hospital was not a legal entity capable of being sued. See id. at 36-37. The supreme court allowed the amendment, stating that "[w]e believe that the plaintiffs did not select the wrong defendant but simply mislabeled the right defendant." Id. at 37. We find that, in the case at bar, the Plaintiff can in no way argue that he mislabeled the right defendant. Additionally, while Dr. Bunick certainly knew that Plaintiff had filed suit against Dr. Crowder regarding the death of Ms. Francis, Dr. Bunick did not know and in no way should have known that, but for a mistake concerning her identity, the action would have been brought against her.

This court also addressed Rule 15.03(2) in Smith v. Southeastern Properties, LTD., 776 S.W.2d 106 (Tenn. Ct. App. 1989). We stated that "plaintiff has not shown that the failure to name these defendants in the original complaint resulted from a 'mistake concerning the identity of the proper party,' as required by Rule 15.03(2). **A 'mistake' within the meaning of this rule does not exist merely because a party who may be liable for conduct alleged in the original complaint was omitted as a party defendant.**" Id. at 109 (emphasis added) (citing Jenkins v. Carruth, 583 F. Supp. 613, 616 (E.D. Tenn. 1982)). We find that Plaintiff does not come within the provisions of Rule 15.03(2) because there was no mistake or misnomer concerning Dr. Bunick's identity. Instead, the Plaintiff simply chose not to name Dr. Bunick in the original complaint. As a result, Plaintiff may not avail himself of Rule 15.03.

Finally, as a result of <u>Jordan v. Baptist Three Rivers Hospital</u>, 984 S.W.2d 593 (Tenn. 1999), Plaintiff argues that the statute of limitations has been tolled because Plaintiff is a minor. Plaintiff filed his wrongful death action giving rise to this appeal in September of 1996, over eight months after his mother's death. Plaintiff amended his complaint in May of 1999 to include an additional claim for loss of consortium under the Tennessee wrongful death statute pursuant to the Tennessee Supreme Court's decision in <u>Jordan</u>. Defendant argues that Plaintiff does not have a claim because Jordan cannot be applied retroactively, citing this court's decision in <u>Hill v. City of Germantown</u>, No. 02A01-9803-CV-00078, 1999 WL 142386, at * 1 (Tenn. Ct. App. Sept. 20, 1999), and other cases as support for their position. In <u>Hill</u>, we reasoned that Jordan changed the judicial construction of Tennessee's wrongful death statute which then became part of the statute itself and had the same effect as changing the law by legislation. <u>See id</u>. at * 10 (citing <u>Blank v. Olsen</u>, 662 S.W.2d 324, 326 (Tenn. 1983)). Furthermore, we reasoned that a change in the judicial construction of a statute should not be applied retroactively. <u>See id</u>. at * 11. Our supreme court granted permission to appeal our decision in <u>Hill</u>, and rendered its opinion on October 20, 2000.

In <u>Hill</u>, the Tennessee Supreme Court addressed whether <u>Jordan</u> could be applied retroactively. The supreme court noted their holding in <u>Blank v. Olsen</u>, 662 S.W.2d 324 (Tenn. 1983), which stated that "in the absence of . . . an expressed intent [to make it retroactive,] the rule is . . . that the decision overruling a judicial construction of a statute will not be given retroactive effect." <u>Id</u>. at 325. The supreme court then noted that the absence of language giving <u>Jordan</u> retroactive effect was "a product of oversight rather than the result of a judicial decision to limit <u>Jordan</u> to prospective application only." <u>Hill v. City of Germantown</u>, 31 S.W.3d 234, 240 (Tenn. 2000). The supreme court then held that "<u>Jordan</u> applie[d] retroactively to: (1) all cases tried or retried after the date of our decision in Jordan; and (2) to all cases pending on appeal in which the issue decided in Jordan was raised at an appropriate time." <u>Id</u>. Based upon our supreme court's holding in <u>Hill</u>, we find that <u>Jordan</u> applies retroactively to this case. As a result, we must now address whether the statute of limitations was tolled because Plaintiff is a minor, and whether Plaintiff has a claim for loss of parental consortium.

Plaintiff argues that due to <u>Jordan</u> the statute of limitations is tolled because Plaintiff is a minor. Plaintiff cites section 28-1-106 of the Tennessee Code[2] and argues that it tolls the statute of limitations against minors until they reach majority. Plaintiff concedes, however, that <u>Jones v. Black</u>, 539 S.W.2d 123 (Tenn. 1976), held that section 28-1-106 of the Tennessee Code does not

---

[2] Section 28-1-106 states the following:

If the person entitled to commence an action is, at the time the cause of action accrued, either under the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability. TENN. CODE ANN. § 28-1-106 (2000).

apply to suits by minor children for the death of a parent. Notwithstanding <u>Jones</u>'s holding, Plaintiff argues that <u>Jordan</u> implicitly overruled <u>Jones</u>. Furthermore, Plaintiff argues that <u>Jordan</u> stands for the proposition that the disability statute applies to cases such as this.

In <u>Jordan v. Baptist Three Rivers Hospital</u>, 984 S.W.2d 593 (Tenn. 1999), the court visited the issue of whether consortium-type damages are recoverable under our statutory scheme for wrongful death. The court determined that section 20-5-113 of the Tennessee Code allowed compensation to survivors for incidental damages sustained as a result of the injured party's death. The court went on to "merely refine" what is included in the pecuniary value of a decedent's life. After concluding that consortium-type damages may be considered when calculating the pecuniary value of a decedent's life, the court could not have been more clear when it stated that "**[t]his holding does not create a new cause of action but merely refines the term 'pecuniary value.'**" <u>Id</u>. at 601 (emphasis added).

As a result of <u>Jordan</u>'s holding that no new cause of action is created, Plaintiff's cause of action in this case is the cause of action Ms. Francis would have had if death had not occurred. Thus, the statute of limitations for this action ran on January 23, 1997. Accordingly, Plaintiff's claim for loss of parental consortium damages is without merit. Moreover, we find that the holding in <u>Jordan</u> does not make the disability statute found in section 28-1-106 of the Tennessee Code applicable to this case. Therefore, Plaintiff's argument that the statute of limitations is tolled due to Plaintiff's minority is also without merit.

## Conclusion

Accordingly, for the aforementioned reasons, we affirm the judgment of the trial court in all respects. Costs on appeal are taxed to Plaintiff-Appellant, Steffone McClendon, for which execution may issue if necessary.

ALAN E. HIGHERS, JUDGE

-11-