Gregory HILL, et al.

v.

CITY OF GERMANTOWN, et al.

Supreme Court of Tennessee,
at Jackson.

Oct. 20, 2000.

Andrew C. Clarke, R. Sadler Bailey, Memphis, for appellant, Gregory Hill.

Louis Peo Chiozza, Memphis, for appellant, Ronald Crowder.

John Chapman Duffy, Knoxville, for appellee, City of Germantown, Tennessee.

Vonda Maillicoat Laughlin, William D. Vines, Knoxville, for amicus curiae, Brenda L. Milton.

Roger A. Norner, Brentwood, for amicus curiae, Tennessee Municipal Attys. Association.

James Russell Farrar, Nashville, for amicus curiae, Tennessee Municipal League.

## OPINION

HOLDER, J., delivered the opinion of the court, in which ANDERSON, C.J., and BIRCH and BARKER, JJ., joined.

We granted this appeal to determine: 1) under what circumstances judgment may be entered against an employee of a governmental entity pursuant to Tenn.Code Ann. § 29–20–310(b) and (c) of the Governmental Tort Liability Act; and 2) whether *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593 (Tenn.1999), applies retroactively to this case to permit loss of consortium damages to be awarded to the plaintiffs. For the reasons stated below, we hold that Tenn.Code Ann. § 29–20–310(b) precludes the entry of a judgment against the employee when the governmental entity's immunity from suit has been removed pursuant to Tenn.Code Ann. §§ 29–20–202 to—205. We also hold that Jordan applies retroactively to: (1) all cases tried or retried after the date of our decision in Jordan; and (2) to all cases pending on appeal in which the issue decided in Jordan was raised at an appropriate time. We decline, however, to remand to the trial court to apply Jordan to this case. The plaintiffs have received the maximum amount of damages that may be awarded under the GTLA for a wrongful death claim.

## BACKGROUND

On April 11, 1995, Officer Chad Cunningham, a newly-hired City of German-

town police officer, was on assignment in his patrol car. Officer John Phillip Hardy rode with Cunningham, acting as his trainer and supervisor. At approximately 4:45 P.M., both officers observed a Buick with an improperly displayed registration tag. The officers attempted to initiate a traffic stop. The Buick, however, accelerated away from the officers.

The officers gave chase. Both vehicles exceeded the speed limit, the Buick reaching speeds in excess of ninety miles per hour. After confirming that the charges were "traffic only," headquarters instructed the officers by radio to break off the pursuit. They did so. ˙Unfortunately, the Buick continued to speed and eventually crossed the center line, colliding with another vehicle. In that vehicle were driver Walterine Crowder and passengers Deborah Hill and her twenty-eight-month-old daughter Amberly Hill.

Crowder and Deborah Hill were seriously injured in the accident and subsequently died at a hospital. Amberly Hill received minor physical injuries but was later diagnosed by a psychiatrist as suffering from post-traumatic stress syndrome.

Gregory Hill filed a complaint individually and in a representative capacity against defendants City of Germantown and Cunningham [1] for the wrongful death of his wife, Deborah Hill, and for the personal injuries of his daughter, Amberly Hill. Ronald Crowder filed a separate complaint individually and in a representative capacity against those same defendants for the wrongful death of his wife, Walterine Crowder. The actions were consolidated for trial.

The trial court, sitting without a jury, found that Officers Cunningham and Hardy were negligent in engaging in a high-speed pursuit of a traffic violator and that the City of Germantown was negligent in failing to adequately train Officer Cun-

ningham with respect to high-speed police pursuits. Damages were assessed at $401,249.32 for the death of Walterine Crowder, $621,071.46 for the death of Deborah Hill, and $151,270.00 for the personal injuries of Amberly Hill. The trial court assessed Defendants' fault at 35%.[2] Applying the statutory damage caps imposed by the Tennessee Governmental Tort Liability Act ("GTLA"), the trial court awarded $130,000.00 for each of the wrongful death claims, the maximum amount of recovery permitted under the GTLA. An additional $52,944.50 was awarded for the personal injuries of Amberly Hill.

Plaintiffs appealed the trial court's decision to the Court of Appeals. The Court of Appeals affirmed the trial court's rulings in all respects. It held that under Tenn.Code Ann. § 29–20–310(c) judgment could not be entered against Officer Cunningham for damages exceeding the caps imposed by the GTLA because the record was devoid of evidence showing his conduct was "willful." It also held that at the time Plaintiffs' causes of actions accrued loss of consortium damages were unavailable in Tennessee in wrongful death actions. In so holding, the Court of Appeals held that our decision in *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593 (Tenn. 1999), allowing such damages in wrongful death actions, could not be applied retroactively. We granted review.

### ANALYSIS

#### I. Employee's Liability for Damages

■ Under the GTLA, governmental entities are immune from suit for injuries occurring as a result of discharge of their functions. *See* Tenn.Code Ann. § 29–20–201; *Hawks v. City of Westmoreland,* 960 S.W.2d 10, 14 (Tenn.1997). This general rule, however, is subject to several statutory exceptions. These exceptions remove

---

**1.** The liability of the other named defendants, Officer Hardy and City of Germantown Chief of Police Eddie Boatwright, is not at issue in this appeal.

**2.** The remaining 65% of fault was attributed to the driver of the Buick.

the immunity provided by § 29–20–201 in particular circumstances. Tennessee Code Ann. § 29–20–205, the statute applicable to this case, removes immunity for negligent acts of employees within the scope of their employment.[3]

When a governmental entity's general immunity from suit is removed, the GTLA provides additional protection to the entity in the form of a cap on damages. The cap limits damages to $130,000 per claimant and $350,000 per accident. *See* Tenn.Code Ann. § 29–20–311; Tenn.Code Ann. § 29–20–403(b)(2)(A).

Plaintiffs rely upon Tenn.Code Ann. § 29–20–310(c) which provides as follows:

> (c) No claim may be brought against an employee or judgment entered against an employee for injury proximately caused by an act or omission of the employee within the scope of the employee's employment for which the governmental entity *is immune* in any amount in excess of the amounts established for governmental entities in § 29–20–403, unless the act or omission was willful, malicious, criminal, or performed for personal financial gain . . . .

Plaintiffs read § 29–20–310(c) as stating that no judgment may be entered against an employee for acts for which the governmental entity *"is immune in any amount in excess of the amounts established for governmental entities . . . ."* Officer Cunningham therefore may be liable under § 29–20–310(c) of the GTLA for any portion of the damages in excess of the City's "immunity" under the GTLA. Although the City is no longer immune from suit, it *remains immune* as to a portion of the "excess" damages. This "immunity as to damages," Plaintiffs claim, is the type of immunity contemplated by § 29–20–310(c). Since the trial court found Officer Cunningham's act to be "willful," Plaintiffs argue that a judgment for damages in excess

of the § 29–20–403 caps should be awarded against Officer Cunningham.

Defendants contend that immunity has been removed by Tenn.Code Ann. § 29–20–205, which removes immunity for negligent acts of employees within the scope of their employment. Defendants read § 29–20–310(c) to state that no judgment may be entered *"against an employee . . . in any amount in excess of the amounts established for governmental entities,"* except under certain circumstances. Defendants therefore contend that § 29–20–310(c) is not applicable and that § 29–20–310(b) is controlling:

> (b) No claim may be brought against an employee or judgment entered against an employee for damages for which the *immunity of the governmental entity is removed* by this chapter . . . .

Tenn.Code Ann. § 29–20–310(b) (emphasis added). Defendants claim that the City of Germantown is not an immune governmental entity under § 29–20–310(c) because its immunity was removed by statute, allowing Plaintiffs' recovery up to the § 29–20–403 caps. The effect of the removal of the City's immunity is to preclude suit or judgment against Officer Cunningham pursuant to § 29–20–310(b). Whether judgment may be entered against Officer Cunningham therefore first depends upon whether the City of Germantown "is immune" or whether its immunity was "removed" under the GTLA.

■■■ "Construction of a statute is a question of law which we review de novo, with *no presumption of correctness.*" *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 924 (Tenn.1998). While we are bound to interpret the statute so that the legislative intent is given effect, *see Carson Creek Vacation Resorts, Inc. v. Department of Revenue,* 865 S.W.2d 1, 2 (Tenn.1993), where "a statute is without contradiction or ambiguity, there is no need to force its interpretation or construction, and [we] are not

---

3. Tenn.Code Ann. § 29–20–205 provides:
   Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment . . . .

at liberty to depart from the words of the statute." *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 803 (Tenn.2000). When statutory provisions are, as in this case, enacted as part of a larger Act, "we examine the entire Act with a view to arrive at the true intention of each section and the effect to be given, if possible, to the entire Act and every section thereof. Where different sections are apparently in conflict we must harmonize them, if practicable, and lean in favor of a construction which will render every word operative." *Bible & Godwin Constr. Co. v. Faener Corp.*, 504 S.W.2d 370, 371 (Tenn.1974).

We find Plaintiffs' construction of § 29–20–310(c) to be unpersuasive. We agree with the Court of Appeals' analysis of § 29–20–310(b) and (c) in *Erwin v. Rose*, 980 S.W.2d 203 (Tenn.Ct.App.1998). In *Erwin*, the plaintiffs argued that the governmental entity's employee should be personally liable for damages exceeding $130,000 despite the removal of the entity's immunity from suit.

The court in *Erwin* concluded that the employee could not be held liable under the GTLA. In so holding, it described the GTLA's function as follows:

> Reading [§ 29–20–310(b) and (c) ] together, it is obvious that the legislature wished to limit the exposure of municipal employees while it selectively removed the immunity of the municipality itself. It did so in two ways: (1) by giving the employee absolute immunity in cases where the municipality's immunity was removed (subsection (b)), and (2) by limiting the employee's liability in cases in which the municipality was yet immune to the limits in Tenn.Code Ann. § 29–20–403—unless the employee's acts were willful, malicious, criminal, or performed for personal financial gain (subsection (c)).

*Id.* at 206.

We find the *Erwin* court's interpretation and construction of § 29–20–310(b) and (c) to be correct. Comparison of §§ 29–20–202 to—205 with § 29–20–310(b) and (c)

also supports our conclusion that "immunity from damages" is not the intention of the statute. Each of the statutory provisions that operates to remove a governmental entity's immunity does so by·removing "immunity from suit." *See* Tenn. Code Ann. § 29–20–202 (removing immunity from suit for negligent operation of motor vehicles); Tenn.Code Ann. § 29–20–203 (removing immunity from suit for injury from unsafe streets and highways); Tenn.Code Ann. § 29–20–204 (removing immunity from suit for injury from dangerous structures); Tenn.Code Ann. § 29–20–205 (removing immunity from suit for negligent acts of employees). Those statutes make no reference to "immunity from damages."

The type of immunity contemplated by § 29–20–310(c) is immunity from claim or suit, not immunity from damages. Once a governmental entity has had its immunity from suit removed by §§ 29–20–202 to—205, it may no longer be considered immune for purposes of § 29–20–310(c) even though it is not liable for some portion of the plaintiffs' damages. While it is not unreasonable to view the award caps of § 29–20–403 as somehow operating to "immunize" a governmental entity from paying damages in excess of the caps, that clearly is not the type of immunity contemplated in either § 29–20–301(b) or (c).

Under our construction of these statutes, the City's immunity has been removed and Plaintiffs may recover as provided by Tenn.Code Ann. § 29–20–403 against the City. Accordingly, no judgment may be rendered against Cunningham. The judgment of the Court of Appeals is affirmed as to this issue.

## II. Loss of Consortium

Plaintiffs contend that the trial court erred in failing to award damages for loss of consortium. They further contend that loss of consortium represents a separate injury under the GTLA. Defendants claim that Plaintiffs received the maximum al-

lowable award under the GTLA and are therefore precluded from further recovery, rendering any claim for consortium moot.

Plaintiffs claim damages under the Tennessee wrongful death statute. We thoroughly discussed the nature of Tennessee's wrongful death damages statute, Tenn. Code Ann. § 20–5–113, in *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593 (Tenn.1999). We recognized that wrongful death actions in Tennessee are authorized by a hybrid statute, consisting of both "survivor" and "pure wrongful death" components. *See id.* at 597–98.

The "survivor" component permits the victim's estate to recover "damages that would have been recovered by the victim had the victim survived." *Id.* at 597. The "pure wrongful death" component of the statute permits "survivors of the deceased [to] recover damages for their losses suffered as a result of the death." *Id.* at 598. These "pure wrongful death" damages are intended to represent the "pecuniary value" of the decedent's life. *See id.* at 600. In *Jordan*, we held that loss of consortium damages were recoverable by the decedent's family as a part of the pecuniary value of the decedent's life. *See id.* at 600–02.

Prior to *Jordan*, however, Tennessee case law prohibited consortium damages in wrongful death suits. *See, e.g., Davidson Benedict Co. v. Severson*, 109 Tenn. 572, 72 S.W. 967 (Tenn.1903). The cause of action in this case arose on April 11, 1995, the date of the accident, almost four years before *Jordan* was released. Accordingly, we must determine if *Jordan* should be applied retroactively.

■ *Jordan* involved the overruling of prior judicial construction of a statute. In civil cases, judicial decisions overruling prior cases generally are given retrospective effect. *See, e.g., Perez v.. McConkey*, 872 S.W.2d 897, 906 (Tenn.1994) (applying abolition of assumption of the risk doctrine retroactively); *Cook v. Spinnaker's of Rivergate, Inc.*, 846 S.W.2d 810, 812 (Tenn. 1993) (further describing proper retroactive application of *McIntyre* ); *McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn.1992) (applying comparative fault doctrine retroactively). Retrospective effect will be "denied only if such an application would work a hardship upon those who have justifiably relied upon the old precedent." *Marshall v. Marshall*, 670 S.W.2d 213, 215 (Tenn. 1984); *see generally*, S.R. Shapiro, Annotation; *Prospective or Retroactive Operation of Overruling Decision*, 10 A.L.R.3d 1371 (1966).

■ Nevertheless, we expressly held in *Blank v. Olsen*, 662 S.W.2d 324 (Tenn. 1983), that "in the absence of . . . an expressed intent [to make it retroactive,] the rule is . . . that the decision overruling a *judicial construction of a statute* will not be given retroactive effect." *Id.* at 325 (emphasis added) (citing 20 Am.Jur.2d *Courts* § 234 (current version at 20 Am. Jur.2d *Courts* § 175)). We cited with approval authority from other jurisdictions that had held "a judicial interpretation of a statute becomes a part of the statute itself" and that "[a] change in the judicial view of the law by a subsequent decision could not amount to more than a change in the law by legislation, and, of course, could act prospectively only." *Id.* at 326 (internal quotations and citations omitted).

Recent unpublished decisions of the Court of Appeals have declined to apply *Jordan* retroactively.[4] Each of these holdings was based on a correct interpretation and application of *Blank* and turned largely on the fact that we included no language in *Jordan* directing that our holding was to be applied retroactively.

---

4. *See Hancock v. Chattanooga–Hamilton County Hosp. Auth.*, No. E1999–00169–COA–R9–CV, 2000 WL 1035894 (Tenn.Ct.App. July 27, 2000); *Rothstein v. Orange Grove Ctr., Inc.*, No. E1999–00900–COA–R3–CV, 2000 WL 682648 (Tenn.Ct.App. May 25, 2000); *see McCracken v. City of Millington*, No. 02A01–9707–CV–00165, 1999 WL 142391 (Tenn.Ct. App. March 17, 1999).

We are constrained to note, however, that the absence of language directing the retroactivity of the *Jordan* decision was a product of oversight rather than the result of a judicial decision to limit *Jordan* to prospective application only. As the issue of retroactivity of *Jordan* is now squarely before us, we take the opportunity, within *Blank's* rule, to correct our oversight. *Cf. Lease v. Tipton,* 722 S.W.2d 379 (Tenn. 1986) (applying holding of *Davis v. Davis,* 657 S.W.2d 753 (Tenn.1983) retroactively three years after *Davis's* release).

We held in *Blank* that a judicial decision overturning a prior judicial construction of a statute could not be applied retroactively "in the absence of . . . expressed intent." *Blank,* 662 S.W.2d at 325. We now express that intent. We hold that *Jordan* applies retroactively to: (1) all cases tried or retried after the date of our decision in *Jordan;* and (2) to all cases pending on appeal in which the issue decided in *Jordan* was raised at an appropriate time. We are aware that our holding will require retrial of some cases and the expenditure of additional judicial resources. Still, we cannot perpetuate denial of retroactive application of *Jordan* when that result was not our intention.

In this case, Plaintiffs' claims for loss of consortium were properly pleaded in the trial court and raised on appeal.[5] The issue of loss of consortium damages is therefore properly before us. Retroactive application of *Jordan,* however, would not increase Plaintiffs' damages. In *Jordan* we expressly stated, "This holding does not create a new cause of action but merely refines the term 'pecuniary value.'" *Jordan,* 984 S.W.2d at 601. Pursuant to our statute, loss of consortium damages in a wrongful death claim are wholly contained within the award for wrongful death. Plaintiffs have each received $130,-000, the maximum allowable award under the GTLA per injured person. *See* Tenn.

Code Ann. § 29–20–403(b)(2)(A). Loss of consortium damages could not increase the total amount of the award. Accordingly, we decline to remand these cases to the trial court to consider the issue of inclusion of loss of consortium damages in the pecuniary value of the decedents' lives.

### CONCLUSION

Pursuant to Tenn.Code Ann. § 29–20–310(b), judgment may not be entered against Officer Cunningham because the City's "immunity from suit" was removed pursuant to Tenn.Code Ann. § 29–20–205. We also hold that *Jordan* applies retroactively to: (1) all cases tried or retried after January 25, 1999, the date of our decision in *Jordan;* and (2) to all cases pending on appeal in which the issue decided in *Jordan* was raised at an appropriate time. Because Appellants have received the maximum amount of damages that may be awarded under the GTLA, however, we decline to remand for the purpose of application of *Jordan* in these cases. Accordingly, the decision of the Court of Appeals is affirmed in part and reversed in part.

Costs on appeal are taxed to Plaintiffs/Appellants, Gregory Hill and Ronald Crowder, for which execution may issue if necessary.

DROWOTA, not participating.

---

5. The plaintiffs' claims for loss of consortium were, in fact, properly pleaded prior to our decision in *Jordan.*