# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 4, 2000 Session

## MARY BROWNING v. HAROLD D. VANDERGRIFF, JR. , D/B/A SUNRISE MARKET AND DELI

### Direct Appeal from the Circuit Court for Knox County
No. 1-470-97       Dale C. Workman, Judge

### FILED JANUARY 22, 2001

### No. E1999-02711-COA-R3-CV

---

In this appeal from the Circuit Court of Knox County the Defendant/Appellant, Harold D. Vandergriff, Jr., appeals the Circuit Court's judgment entered pursuant to a jury verdict allowing damages to Plaintiff/Appellee, Mary Browning, for negligent infliction of emotional distress. We reverse the judgment of the Circuit Court, dismiss the complaint and remand for collection of costs below.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed; Complaint Dismissed; Cause Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Byron D. Bryant, Knoxville, Tennessee, for the appellant, Harold D. Vandergriff, Jr. d/b/a Sunrise Market and Deli.

James A.H. Bell, Knoxville, Tennessee, for the appellee, Mary Browning.

### OPINION

This appeal arises from a judgment entered in the Knox County Circuit Court pursuant to a jury verdict against Appellant/Defendant, Harold D. Vandergriff, Jr. d/b/a Sunrise Market and Deli, for damages for the tort of negligent infliction of emotional distress. Although Mr. Vandergriff has presented several issues, it is our conclusion that a determination as to just one will suffice to resolve this case and those issues not addressed are, accordingly, pretermitted.

We restate the determinative issue as follows:

Should the Trial Court have granted a motion for judgment for dismissal notwithstanding the jury's verdict where it was shown that, although the Plaintiff believed that the third party, whose observed death is alleged to have caused her emotional distress, was her grandson, in fact, the Plaintiff was not related to the deceased?

We reverse the judgment of the Trial Court, dismiss the complaint and remand for collection of costs below.

On the evening of January 28, 1997, Clarence Hunter and another man entered the Sunrise Market and Deli, a convenience store owned and operated by Mr. Vandergriff. Both Mr. Hunter and his accomplice were brandishing firearms and, after forcing Mr. Vandergriff and the other persons then present to lie on the floor, they proceeded to rob the store.

As he was leaving the store after the robbery, Mr. Hunter turned and fired his pistol at Mr. Vandergriff causing a flesh wound to Mr. Vandergriff's ear. The sound of this gunshot apparently frightened a third accomplice into driving away with the getaway vehicle and, as a result, Mr. Hunter and the other gunman were left to flee the scene on foot. The two robbers fled in different directions. Mr. Hunter ran in the direction of the residence of the Plaintiff/Appellee, Mary Browning.

Determining that the robbers were escaping, Mr. Vandergriff, two customers present in the store during the robbery, and a third customer, who had been waiting in line at the store's drive through window, got into a pickup truck owned by one of the customers and drove in pursuit of Mr. Hunter. Mr. Vandergriff, riding in the bed of the truck, was armed with a nine millimeter pistol.

Within a short period of time, Mr. Vandergriff and the other men in the truck observed Mr. Hunter crouching behind a lawn ornament in the front yard of a house owned by Ms. Browning's ex-husband where they both lived. The record shows that Mr. Vandergriff, then standing in the bed of the truck, ordered at least two times that Mr. Hunter drop his gun and come out, whereupon Mr. Hunter stood and fired his gun at Mr. Vandergriff. In response, Mr. Vandergriff fired his gun three times at Mr. Hunter, who was mortally wounded.

Both Ms. Browning and her ex-husband were present in the house during the exchange of gunfire between Mr. Vandergriff and Mr. Hunter. Ms. Browning testified that she heard the sound of shooting and bullets striking the house and, looking out the front window, she observed Mr. Hunter on his hands and knees in the front yard. Ms. Browning further testified that she was expecting a visit from her grandson at the time and that she, therefore, believed that the man on his hands and knees was, in fact, her grandson. In actuality, Ms. Browning was unacquainted with Mr. Hunter and was not related to him in any way.

Ms. Browning called the police and remained inside the house until they arrived, a few minutes later, at which time she stepped out into the front yard and viewed Mr. Hunter's body. According to Ms. Browning's testimony, half of Mr. Hunter's head had been shot off, blood was

running down his face and, when a police officer turned him over, his internal organs spilled out onto the walkway.

Ms. Browning asserts that, as a consequence of the incident described above, she has suffered nervousness, loss of weight, loss of sleep, depression, headaches, auditory and visual hallucinations and, she is afraid to leave the house. On April 9, 1997, she consulted a psychiatrist who diagnosed post traumatic stress disorder attributable to her mistaken belief that the man killed was her grandson.

On July 28, 1997, Ms. Browning filed a complaint in the Circuit Court for Knox County against Mr. Vandergriff and his son, David F. Vandergriff.[1] In her complaint Ms. Browning asserted that, as a direct and proximate result of the negligence of Mr Vandergriff, she suffered severe emotional distress, mental injury, anxiety, and fear.

On May 10, 1999, the case came on for trial by jury. At close of proof, Mr. Vandergriff moved for a directed verdict. The Court denied Mr. Vandergriff's motion and the jury rendered it's verdict in favor of Ms. Browning. On May 14, 1999, pursuant to the jury's verdict, a judgment was entered against Mr. Vandergriff in the amount of $42,500.00 for the tort of negligent infliction of emotional distress.

On June 9, 1999, Mr. Vandergriff moved the Trial Court to enter a judgment of dismissal notwithstanding the jury's verdict based in part on the fact that Ms. Browning had failed to prove that her emotional injuries were caused by observing injuries to a person with whom she shared a close relationship. In the alternative, Mr. Vandergriff moved for a new trial. By order entered October 18, 1999, the Court reduced the judgment against Mr. Vandergriff to $15,000.00 and the motion for judgment notwithstanding the verdict or for new trial was denied. Thereafter, Mr. Vandergriff filed this appeal.

The standard of review, with respect to findings of fact by a jury in a civil case, is limited to a determination of whether there is any material evidence to support the verdict and, as mandated by Rule 13(d) of the Tennessee Rules of Appellate Procedure, findings of fact by a jury approved by the trial court shall be set aside only if there is no material evidence to support the verdict. A trial court's conclusions of law are subject to *de novo* review. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26 (Tenn.1996).

The applicable standard of review in determining whether a trial court should grant a judgment notwithstanding the verdict is the same standard used in determining whether a directed verdict should be granted. See *Hicks v. Sovran Bank/Chattanooga*, 812 S.W.2d 296 (Tn.Ct.App.1991) That standard is set forth in *Wharton Transport Corp. V. Bridges*, 606 S.W.2d 521, 525 (Tenn.1980), as follows:

---

[1]David F. Vandergriff was voluntarily dismissed from the lawsuit by agreed order entered March 13, 1998.

'On review of the grant of a directed verdict on motion of a defendant, it is not the office of an appellate court to weigh the evidence. Rather, it must take the strongest legitimate view of the evidence in favor of the plaintiff, indulging in all reasonable inferences in his favor, and disregarding any evidence to the contrary. The trial judge's action may be sustained only if there is no material evidence in the record that would support a verdict for the plaintiff, under any of the theories that he has advanced.' *Cecil v. Hardin*, 575 S.W.2d 268, 271 (Tenn.1978).

In the case of *Ramsey v. Beavers*, 931 S.W.2d 527 (Tenn.1996), the Tennessee Supreme Court held that, in order to recover for emotional distress sustained as a result of a third party's injury or death, the plaintiff must establish that the plaintiff's emotional injury was a forseeable result of the defendant's negligent action. In *Ramsey*, the Court found that, in order to prove forseeability, the bystander plaintiff must establish that the plaintiff and the injured third party shared a close relationship. See also, *Hill v. City of Germantown*, 1999 WL 142386 (Tenn. Ct. App.),*aff'd in part and rev'd in part*, 31 S.W.3d 234 (Tenn.2000).

As stated, Ms. Browning does not assert a relationship with Mr. Hunter, close or otherwise. She contends, however, that her mistaken belief that he was a close relative is sufficient to qualify her for recovery in this matter. We disagree.

Although our research has yielded no Tennessee cases directly on point concerning the issue of bystander misperception, the issue was addressed in Massachusetts in the case of *Barnes v. Geiger*, 446 N.E.2d 78 (Mass.Ct.App.1983). In the *Barnes* case, a mother observed from, or near her home, a car strike a pedestrian and toss him sixty feet in the air in an area where her two children were playing. The mother was convinced that the victim was her son and subsequently suffered a cerebral hemorrhage as an alleged consequence of viewing the accident. The *Barnes* court found that psychic trauma to a person who mistakenly believes that a close family member has been the victim of an observed accident is not reasonably forseeable and affirmed the lower court's ruling which granted the defendant's motion for summary judgment. At page 81, the court sets forth it's rationale as follows:

Daily life is too full of momentary perturbation. Injury to a child and the protracted anguish placed upon the witnessing parent is, on the scale of human experience, tangible and predictable. Distress based on mistake as to circumstances is ephemeral and will vary with the disposition of a person to imagine the worst has happened.

We adopt this reasoning in the case *sub judice* because we believe that it would be unwise to expand the class of plaintiffs in bystander recovery cases, such as this, to include persons who erroneously identify a victim as someone with whom they have a close relationship.

For the reasons set forth above, we hold that the Trial Court erred in failing to grant the motion of Defendant/Appellant, Harold D. Vandergriff, Jr. dba Sunrise Market and Deli, for

-4-

dismissal notwithstanding the verdict. Therefore, we reverse the judgment of the Trial Court, dismiss the complaint and remand the case for collection of costs below which are, as are costs of appeal, adjudged against the Plaintiff/Appellee, Mary Browning.


_____

HOUSTON M. GODDARD, PRESIDING JUDGE