Mary MATTHEWS, Plaintiff–Appellee,

v.

PICKETT COUNTY, TENNESSEE, Defendant,

Larry Peek and Dana Dowdy, individually and in their official capacities as employees of the Pickett County Sheriff's Department, Defendants–Appellants.

No. 00–6644.

United States Court of Appeals, Sixth Circuit.

Aug. 28, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; and FORESTER, District Judge.*

**OPINION**

PER CURIAM.

This case arises out of a domestic dispute between plaintiff Mary Matthews and her ex-husband. After a bench trial, an appeal to this court, and certification to the Tennessee Supreme Court, the district court entered judgment in favor of plaintiff against Pickett County, Tennesse in the amount of $30,000 and against two of its deputy sheriffs, defendants Larry Peek and Dana Dowdy, in the amount of $130,000. Although the original pro se complaint included a claim that defendants violated her federal constitutional rights, an amended complaint sought relief based solely upon two state statutes: the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn.Code Ann. §§ 29–20–101 to 407, and Tennessee Code Annotated § 8–8–302.[1] Because we read Tennessee

---

* The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. At an earlier stage of these proceedings, we affirmed a district court judgment denying relief under Tenn.Code Ann. § 8–8–302. *Matthews v. Pickett County*, 182 F.3d 917 (6th Cir.1999) (No. 96–5791) (table). Accordingly, that statute is not at issue in this appeal.

law to preclude the damage award assessed against the deputies under the GTLA, we vacate the judgment of the district court and remand with instructions to enter judgment solely against the County.[2]

Given that this opinion is unpublished and our holding is based upon a question of law, a lengthy factual recitation is unnecessary. Readers with an interest in the events that gave rise to this suit can refer to *Matthews v. Pickett County,* 136 F.Supp.2d 861, 865–68 (M.D.Tenn.2000). Suffice it to say that plaintiff seeks to recover damages stemming from the actions of her ex-husband who set fire to her home while divorce proceedings between them were pending.

 Because the liability of these governmental defendants hinges upon the GTLA, a brief sketch of the statute is necessary. As its title implies, the GTLA waives the governmental immunity traditionally enjoyed by cities and counties (and their employees) under certain conditions, such as the negligent operation of a motor vehicle or for unsafe streets. *See* Tenn. Code Ann. §§ 29–20–202, 203. The statute also includes exceptions:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused....

Tenn.Code Ann. § 29–20–205. Section 29–20–310(b) of GTLA provides in part: "No claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter unless the claim is one for medical malpractice...." Tenn.Code Ann. § 29–20–310(b). Another subsection of the GTLA expands upon the scope of an employee's immunity:

> No claim may be brought against an employee or judgment entered against an employee for injury proximately caused by an act or omission of the employee within the scope of the employee's employment for which the governmental entity is immune in any amount in excess of the amounts established for governmental entities in § 29–20–403 [prescribing the amounts of liability insurance that may be purchased by governmental entities], unless the act or omission was willful, malicious, criminal, or performed for personal financial gain....

Tenn.Code Ann. § 29–20–310(c). The district court concluded that Pickett County was liable pursuant to GTLA for the destruction of plaintiff's property and awarded her $30,000.

Defendant deputies contend that § 310 precludes the additional judgment awarded against them for plaintiff's pain and suffering. They cite several Tennessee cases to that effect, among them a recent Tennessee Supreme Court case. *Hill v. City of Germantown,* 31 S.W.3d 234 (Tenn. 2000). In *Hill,* a newly hired Germantown police officer gave chase to a vehicle that had refused to stop. The fleeing car crashed into another vehicle, killing two people. The Court considered the question, "[u]nder what circumstances judgment may be entered against an employee of a governmental entity pursuant to Tenn. Code Ann. § 29–20–310(b)" and held "that [that provision] precludes the entry of judgment against the employee when the

---

**2.** Pickett County does not contest the award of damages against it.

governmental entity's immunity from suit has been removed pursuant to [the GTLA]." *Id.* at 235. In *Hill*, plaintiffs had argued that § 310(c) permits judgments against employees for damages in excess of the statutory cap imposed under § 403. The Court looked to *Erwin v. Rose*, 980 S.W.2d 203 (Tenn.App.1998), in reaching its decision in favor of the employees:

> We agree with the Court of Appeals' analysis of § 29–20–310(b) and (c) in *Erwin v. Rose*, 980 S.W.2d 203 (Tenn.Ct. App.1998). In *Erwin*, the plaintiffs argued that the governmental entity's employee should be personally liable for damages exceeding $130,000 despite the removal of the entity's immunity from suit.
>
> The court in *Erwin* concluded that the employee could not be held liable under the GTLA. In so holding, it described the GTLA's function as follows:
>
>> Reading [§ 29–20–310(b) and (c) ] together, it is obvious that the legislature wished to limit the exposure of municipal employees while it selectively removed the immunity of the municipality itself. It did so in two ways: (1) by giving the employee absolute immunity in cases where the municipality's immunity was removed (subsection (b)), and (2) by limiting the employee's liability in cases in which the municipality was yet immune to the limits in Tenn.Code Ann. § 29–20–403—unless the employee's acts were willful, malicious, criminal, or performed for personal financial gain (subsection (c)).
>
> Id. at 206.

We find the *Erwin* court's interpretation and construction of § 29–20–310(b) and (c) to be correct. Comparison of §§ 29–20–202—205 with § 29–20–310(b) and (c) also supports our conclusion that "immunity from damages" is not the in-

tention of the statute. Each of the statutory provisions that operates to remove a governmental entity's immunity does so by removing "immunity from suit." *See* Tenn.Code Ann. § 29–20–202 (removing immunity from suit for negligent operation of motor vehicles); Tenn.Code Ann. § 29–20–203 (removing immunity from suit for injury from unsafe streets and highways); Tenn.Code Ann. § 29–20–204 (removing immunity from suit for injury from dangerous structures); Tenn.Code Ann. § 29–20–205 (removing immunity from suit for negligent acts of employees). Those statutes make no reference to "immunity from damages."

The type of immunity contemplated by § 29–20–310(c) is immunity from claim or suit, not immunity from damages. *Once a governmental entity has had its immunity from suit removed by §§ 29–20–202—205, it may no longer be considered immune for purposes of § 29–20–310(c) even though it is not liable for some portion of the plaintiffs' damages.* While it is not unreasonable to view the award caps of § 29–20–403 as somehow operating to "immunize" a governmental entity from paying damages in excess of the caps, that clearly is not the type of immunity contemplated in either § 29–20–310(b) or (c).

Under our construction of these statutes, the City's immunity has been removed and Plaintiffs may recover as provided by Tenn.Code Ann. § 29–20–403 against the City. Accordingly, no judgment may be rendered against [Officer] Cunningham. The judgment of the Court of Appeals is affirmed as to this issue.

*Id.* at 238 (emphasis added).

In our view, *Hill* and *Erwin* make clear that, once immunity has been lifted against the governmental entity, no claims may be brought against its employees for acts that

gave rise to the suit. Plaintiff urges us to separate her property loss claim from her emotional distress claim despite the fact that both stemmed from the same nucleus of facts. Separation of the claims is contrary to *Hill,* however, because the County's immunity from her entire suit had been removed, as evidenced by the $30,000 judgment entered against it. Because plaintiff has no stand-alone claim for emotional distress, her recovery must follow the limitations imposed by the GTLA.

For the foregoing reasons, the judgment of the district court is **vacated** and the cause **remanded** with instructions to enter judgment in favor of defendants Peek and Dowdy.