IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 16, 2006 Session

## STATE OF TENNESSEE, ex rel. LATONYA CAMPBELL v. THOMAS CONLEY

**Direct Appeal from the Juvenile Court for Gibson County**
**No. 8265     Robert W. Newell, Judge**

---

**No. W2005-01842-COA-R3-JV - Filed May 25, 2006**

---

The trial court granted Respondent Father a downward deviation from the child support guidelines when setting retroactive child support. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Paul G. Summers, Attorney General and Reporter, and Juan Villasenor, Assistant Attorney General, for the State of Tennessee.

Joesph E. Tubbs, for the appellee, Thomas Conley.

### OPINION

This appeal requires us to determine whether the trial court erred under Tennessee Code Annotated § 36-2-311(a)(11)(C) when it granted Respondent/Appellee Thomas Conley ("Father") a downward deviation from the child support guidelines when determining retroactive child support.

The facts relevant to our determination of the issue raised on appeal are not disputed. Although the parties disagree on the date of their first meeting, Petitioner/Appellant Latonya Campbell ("Mother") was fifteen years of age when she gave birth to Father's child in 1988, and fourteen years of age when she became pregnant. Father was twenty-seven years of age. Additionally, although the parties dispute the length and frequency of their sexual relationship, Mother does not contend she was forced to have sexual relations with Father. Mother contends Father knew she was a minor; Father contends he believed Mother was over eighteen.

On February 10, 2004, the State filed a petition on Mother's behalf in the Juvenile Court of Gibson County seeking to establish paternity against Father. The juvenile court established paternity on September 1, 2004, and set child support according to the guidelines. The court assessed retroactive child support for 432 weeks. Father then filed a motion to alter or amend the judgment to reduce the award of retroactive child support. Following a hearing on July 12, the trial court granted Father's motion and assessed retroactive child support dating from February 24, 2004, the date Father submitted to paternity testing. The trial court entered final judgment on July 18, 2005, and Mother filed a timely notice of appeal to this Court. We reverse and remand to the trial court to set retroactive child support at the guideline amount.

### Issue Presented

The issue presented for our review, as we reword it, is whether, under Tennessee Code Annotated § 36-2-311(a)(11)(C), the trial court erred by granting Father a downward deviation from the child support guidelines where the child was the product of statutory rape of Mother by Father.

### Standard of Review

A trial court must apply the child support guidelines as set forth in the Rules and Regulations of the Department of Human Services when determining child support. The guidelines set forth the presumptively correct amount of child support and are to be applied as a rebuttable presumption. Tenn. Code Ann. § 36-5-101(e)(1)(A) and (e)(2)(2005). This standard also applies to retroactive child support. *See* Tenn. Code. Ann. § 36-2-311(a)(11) (2005). The trial court, in its discretion and in consideration of factors enumerated in the statute, may deviate from the guidelines in setting an award of retroactive child support. Tenn. Code Ann. § 36-2-311(a)(11)(A)(2005). However, the Code provides that the trial court does not have the discretion to deviate from the guidelines when setting an award of retroactive child support where, based on clear and convincing evidence, the child is the product of rape or incest of the mother by the father of the child. Tenn. Code Ann. § 36-2-311(a)(11)(C)(ii). The determination of whether § 36-2-311(a)(11)(C)(ii) requires a prior finding of culpability in a criminal court and of whether "rape" includes statutory rape for the purposes of the section are questions of statutory construction. Statutory construction is a matter of law which we review *de novo*, with no presumption of correctness afforded to the trial court. *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000).

### Analysis

Our objective when construing a statute is to effectuate the purposes of the General Assembly. *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000). Insofar as possible, the intent of the General Assembly should be determined by the natural and ordinary meaning of the words used in the statute, and not by a construction that is forced or which limits or extends the meaning. *Id.* When the language of a statute is clear, we must utilize the plain, accepted meaning of the words used by the General Assembly to ascertain the statute's purpose and application. If the wording is ambiguous, we must look to the entire statutory scheme and at the legislative history to ascertain the

General Assembly's intent and purpose. We must construe statutes in their entirety, neither constricting nor expanding the General Assembly's intent. In so doing, we assume that the General Assembly chose the words of the statute purposely, and that the words chosen "convey some intent and have a meaning and a purpose" when considered within the context of the entire statute. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004) (citations omitted).

In his brief to this Court, Father asserts "rape" as used in § 36-2-311(a)(11)(C)(ii) is limited to rape as defined in Tennessee Code Annotated § 39-13-503 and not statutory rape as defined in Tennessee Code Annotated § 29-13-506. Father argues that to construe rape as used in § 36-2-311(a)(11)(C)(ii) to include statutory rape would be at odds with the definition of rape at § 39-13-503. He further asserts that he has not been convicted of statutory rape and that the statute of limitations has run.

Chapter 2 of Title 36 of the Code provides for the establishment of paternity and legitimation. Section 311 of the chapter sets out the requirements of an order of parentage. Under the section, an order of parentage must include, *inter alia*, a determination of child support pursuant to chapter 5 of the Title. Tenn. Code Ann. § 36-2-311(2005). Section 36-2-311(a)(11)(C) provides:

> (C) Deviations [from the child support guidelines] shall not be granted in circumstances where, based upon clear and convincing evidence:
> (i) The father has a demonstrated history of violence or domestic violence toward the mother, the child's caretaker or the child;
> (ii) The child is the product of rape or incest of the mother by the father of the child;
> (iii) The mother or caretaker of the child, or the child has a reasonable apprehension of harm from the father or those acting on his behalf toward the mother, the child's caretaker or the child; or
> (iv) The father or those acting on his behalf, has abused or neglected the child.

Father's assertions and the trial court's finding that Father has not been convicted of statutory rape and that the statute of limitations for rape has run are irrelevant to the applicability of § 36-2-311(a)(11)(C)(ii) to an order of parentage. Section 36-2-311(a)(11)(C) provides only that a trial court may not deviate from the child support guidelines when setting retroactive support when clear and convincing evidence supports a finding of any circumstances enumerated in (C)(i)-(iv). The section requires neither a criminal conviction nor the beyond a reasonable doubt standard of proof required for criminal conviction. Thus, the trial court erred in determining that a finding of guilt in a criminal court is necessary to invoke § 36-2-311(a)(11)(C)(ii).

Further, the trial court erred in granting a downward deviation where the undisputed proof demonstrates the child was the product of statutory rape of Mother by Father. There is nothing in the plain language of § 36-2-311(a)(11)(C) that supports Father's argument that rape as used in the section does not encompass statutory rape. Section 36-2-311 permits a downward deviation from

retroactive child support where the father demonstrates by clear and convincing evidence that "application of the guidelines would be unjust or inappropriate in order to provide for the interests of the child or the equity between the parties." Tennessee Code Annotated § 36-2-311(a)(11)(A) and (B)(2005). The Code provides that courts must consider, as a basis for deviating from the guidelines:

> (i) the extent to which the father did not know, and could not have known, of the existence of the child, the birth of the child, his possible parentage of the child or the location of the child;
> (ii) The extent to which the mother intentionally, and without good cause, failed or refused to notify the father of the existence of the child, the birth of the child, the father's possible parentage of the child or the location of the child; and
> (iii) The attempts, if any, by the child's mother or caretaker to notify the father of the mother's pregnancy, or the existence of the child, the father's possible parentage or the location of the child.

Tenn. Code Ann. § 36-2-311(a)(11)(A)(2005). Additionally, the trial court's determination must be supported by written findings. Tennessee Code Annotated § 36-2-311(a)(11)(B)(2005). The trial court's discretion to deviate from guidelines is removed when clear and convincing evidence supports a finding of any of the circumstances enumerated in § 36-2-311(a)(11)(C)(i)-(iv). In such cases, the equities between the parties do not justify a downward deviation.

The public policy of this State is that parents, including unmarried parents, are required to support their children. *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). This public policy is evidenced by the paternity statutes. *Id.* Downward deviations from the presumptively correct child support guidelines are permitted in consideration of the best interests of the child and the equities between the parties. *See, e.g., Hill v. Hill*, 152 S.W.3d 543, 546-47 (Tenn. Ct. App. 2004); Tenn. Code Ann. § 36-2-311(2005).

It is also the public policy of this State that adults will not engage in sexual intercourse, consensual or otherwise, with minors who are four or more years younger than the adult. Tenn. Code Ann. § 39-13-506 (2003); *State v. Walker*, No. 01C01-9409-CC-00325, 1995 WL 548852, at *2 (Tenn. Crim. App. Sept. 15, 1995)(*no perm. app. filed*)(stating: "We accept as true the prosecutor's conclusion that statutory rape is 'offensive to the public.'").[1] Offending this strong public policy is a class E felony. Tenn. Code Ann. § 39-13-506. Consent is not a defense to statutory rape. *State v. McKnight*, 900 S.W.2d 36, 49 (Tenn. Crim. App. 1994). Moreover, a defendant's ignorance of the minority of the victim is not required. *State v. Vazquez*, No. M1999-00211-CCA-R3-CD, 2000 WL 502826, at *2 n.2 (Tenn. Crim. App. Apr. 27, 2000)(*no perm. app. filed*).

---

[1]We additionally note the outrage of the trial court at the abusive nature of a sexual relationship between a twenty-six or twenty-seven year old man and a fourteen year old girl.

The General Assembly unambiguously has declared that a downward deviation from the child support guidelines in an award of retroactive child support is within the discretion of the trial court when application of the guidelines is unjust or inappropriate in light of the equities between the parties. Thus, a downward deviation is an equitable consideration. The General Assembly also unambiguously has declared that, despite other equitable considerations, there shall be no downward deviation where clear and convincing evidence demonstrates a history of violence, rape, or incest, or abuse or neglect of the child. In such cases, equity does not demand a downward deviation regardless of other factors enumerated by the section.

In light of the entire statutory scheme of title 36, chapter 2, and the strong public policy discouraging sexual relations between adults and minors as defined in § 39-13-506, we cannot fathom how removing statutory rape from the definition of rape for the purposes of § 36-2-311 furthers the public policy of Tennessee. On the contrary, including statutory rape within the definition of rape for the purposes of § 36-2-311 promotes the public policies announced by the General Assembly in the Code.

In this case, clear and convincing evidence unequivocally establishes that the child for whom retroactive support is sought is the product of statutory rape of Mother by Father. It is undisputed that when Mother became pregnant she was fourteen years of age and Father was twenty-seven years of age. Section 36-2-311(a)(11)(C) prohibits a downward deviation from the guideline amount in an award of retroactive child support where a circumstance enumerated in (i)-(iv) of the section is demonstrated by clear and convincing evidence. Application of the section does not require a criminal conviction. Neither equity, nor the plain language of Tennessee Code Annotated § 36-2-311(a)(11)(C), nor the public policy of Tennessee as enunciated by the General Assembly in Tennessee Code Annotated § 36-2-311(a)(11) and § 39-13-506 countenance a downward deviation from the presumptively correct child support guidelines where the child is a product of rape, including statutory rape, of the Mother by the Father.

### *Holding*

The trial court erred under Tennessee Code Annotated § 36-2-311(a)(11)(C) in granting Father a downward deviation from the child support guidelines in setting retroactive child support. We reverse the judgment of the trial court and remand this action to the trial court with instructions to set retroactive child support at the guideline amount. Costs of this appeal are taxed to the Appellee, Thomas Conley.

_____
DAVID R. FARMER, JUDGE