**DIAGNOSTIC CENTER and Diagnostic Associates of Chattanooga**

v.

**STEVEN B. STUBBLEFIELD, M.D., P.C., and Steven B. Stubblefield Trust.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

July 19, 2006 Session.

Oct. 10, 2006.

Permission to Appeal Denied by Supreme Court Feb. 26, 2007.

John P. Konvalinka, Chattanooga, Tennessee, for appellants.

W. Randall Wilson, Chattanooga, Tennessee, for appellees.

## OPINION

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

The Arbitrator filed a Report with the Trial Court during the time this Court had stayed the Trial Court's proceedings. After the stay was lifted the Trial Court approved the Arbitrator's award. Appellants argue the stay rendered the award void. We affirm the Trial Court's Judgment.

In this action appellants filed an Application for Extraordinary Appeal, Pursuant to Tenn.R.App.P. 10(a), and requested a stay pending the outcome of the Extraordinary Appeal, which this Court granted on March 2, 2005. On March 30, 2005, the Arbitrator issued an award granting damages to plaintiffs. The resulting determinative issue on appeal is whether the Arbitrator's award issued during the pendency of the stay was void or voidable.

Plaintiffs, Diagnostic Center ("Center") and Diagnostic Associates of Chattanooga ("DAC"), sued defendant Stubblefield and the Steven Stubblefield Trust ("Trust") alleging that Stubblefield was a former member and partner of the Center's cardiology group, and that the Trust was a partner in DAC. It was alleged that the relationship between the parties was governed by a Partnership Agreement between Stubblefield and Center, dated June 30, 1999, and a Restated Partnership Agreement between Stubblefield and DAC, dated June 29, 1999.

It was further alleged that Stubblefield wrote plaintiffs on August 12, 2002, advising that he intended to dissociate, and that Stubblefield began a solo practice in Chattanooga after his withdrawal, and his practice was located less than 50 miles from Center.

The Complaint further alleged that section 11.02 of the Partnership Agreement stated that any partner who wanted to withdraw must give one year's notice, and that the same section number in the Restated Partnership Agreement stated that a partner had to give six months' notice before withdrawal. The Complaint alleged that the Partnership Agreement provided that if a partner withdrew and competed with the practice, he would lose his allocation of the cash on hand and accounts receivable. The Complaint further alleged that the Partnership Agreement defined competing as practicing within 50 miles of Center, and that the Agreement provided for recovery of fees and costs, and that any controversies be resolved by binding arbitration.

Plaintiffs filed a Motion to Stay Litigation and Compel Arbitration, and the Trial Court entered an Order finding the agreements required the parties to arbitrate, and that the litigation should be stayed for completion of arbitration. Defendants then filed a Motion to Stay Arbitration and Lift Stay on Litigation, which the Trial

Court denied. Defendants then sought an interlocutory appeal which was denied by the Trial Court, and ordered the parties to proceed with arbitration.

Several months later, plaintiffs filed a Motion seeking confirmation of the arbitration award, stating that the arbitration award was delivered to the parties on March 30, 2005, but the arbitration proceedings had been stayed by the Court of Appeals while it considered the defendants' application for extraordinary appeal, which this Court denied on April 18, 2005. The arbitrator's award was attached, as was this Court's Order denying the application for extraordinary appeal. Defendants responded that the matter was still stayed because they had filed an application for permission to appeal to the Supreme Court. The Trial Court entered an Order finding the Motion for Confirmation of Arbitrator's Award to be timely filed, and also holding the matter in abeyance until the application for permission to appeal was resolved by the Supreme Court. Defendants then filed an Application to Vacate the Arbitrator's Award, asserting that it was issued in violation of the stay, and was a nullity, and they later asserted that the award was in contravention of Tennessee law based on the Supreme Court's decision in *Murfreesboro Medical Clinic, P.A. v. Udom,* 166 S.W.3d 674 (Tenn., 2005).

On August 22, 2005, the Trial Court entered an Order stating that a mandate had been received from the Supreme Court, and the Court denied Defendants' Motion to Vacate, and granted Plaintiffs' Motion to Confirm. These issues are raised on appeal by Defendants:

1. Whether the trial court erred in entering an order confirming as an arbitration award a document that is void and unenforceable, in that it was transmitted to the parties and entered during the pendency of a stay ordered by the Court of Appeals?

2. Whether the trial court erred in failing to consider the *Udom* opinion when it entered an order denying the motion to vacate?

3. Whether the trial court erred in entering an order confirming a purported arbitration award against parties who did not assent to arbitration?

4. Whether the trial court erred in failing to require the plaintiffs to demonstrate that the arbitration clauses relied upon by plaintiffs were bargained for or were reasonable under the circumstances?

Defendants first argue that the Trial Court erred in confirming the arbitration award because it was transmitted to the parties during the time that the case was stayed by this Court for consideration of defendants' extraordinary appeal, and thus the award is "void and a nullity". Defendants cite the case of *Roberts v. Lowe,* 1997 WL 189345 (Tenn.Ct.App. Apr.16, 1997), which held that when a notice of appeal has been filed, the trial court is deprived of jurisdiction and any order it enters thereafter is of no effect. Plaintiffs counter that this Court's stay of "proceedings below" did not stay the arbitration, and that even if it did, the Trial Court properly cured the matter by holding the issue of whether to confirm the arbitration award in abeyance until the stay was lifted.

■ Neither party has cited authority on this precise issue, although defendants have cited this Court to authority which shows that this Court may stay an arbitration. There is nothing in the record to show whether the arbitrator was even aware that a stay had been issued. The

fact that the award was simply transmitted to the parties during the stay, in our view does not render it void. The Trial Court did not act upon the award during the stay, but held the issue of whether it should be confirmed in abeyance until the stay was lifted. We conclude the Trial Court's action was not in violation of the stay, and this issue is without merit.

■ Next, defendants argue the Trial Court erred in failing to consider the Supreme Court's ruling in *Murfreesboro Medical Clinic, P.A. v. Udom*, 166 S.W.3d 674 (Tenn.2005), since the Supreme Court ruled in that case that covenants not to compete were unenforceable against physicians as a matter of public policy. Defendants argue that this decision was a change in the common law and thus should have been applied retroactively to pending cases. *See, e.g., Hill v. City of Germantown*, 31 S.W.3d 234 (Tenn.2000). Plaintiffs argue that this purported change in the law is of no consequence, since a legal or factual error by the arbitrator is an insufficient basis for vacating an arbitration award. *See Arnold v. Morgan Keegan*, 914 S.W.2d 445 (Tenn.1996).

■ As plaintiffs note, the Trial Court's authority to vacate an arbitration award is limited by statute to the following situations:

1) the award was procured by corruption, fraud, or other undue means;
2) there was evident partiality, corruption, or misconduct by the arbitrator;
3) the arbitrator exceeded his/her powers;
4) the arbitrator refused to postpone a hearing upon sufficient cause being shown, or refused to hear evidence material to the controversy, and prejudiced a party's rights; or
5) there was no arbitration agreement and the issue was not adversely determined in proceedings under § 29-5-303 and the party did not participate in the arbitration hearing without raising the objection.

Tenn.Code Ann. § 29-5-313. None of these circumstances has been alleged here, except the lack of an arbitration agreement, which will be considered in this Opinion. As the Supreme Court has previously explained, the "attitude toward review of arbitration decisions is deferential", and thus "courts are not permitted to consider the merits of an arbitration award even if the parties allege that the award rests on errors of fact or misrepresentation of the contract." *Arnold v. Morgan Keegan*, 914 S.W.2d 445, 450 (Tenn.1996). The Court went on to state that "an arbitration award is not subject to vacation for a mere mistake of fact or law." *Id.* at 451. Applying these principles, an error of law is not a sufficient reason to vacate the award.

■ Defendants next argue that arbitration was improper, because there was no agreement to arbitrate between these parties. They assert that Stubblefield never signed the new Partnership Agreements, and thus did not agree to arbitration of any disputes. Plaintiffs counter that Stubblefield did sign the prior Operating Agreements, which contained arbitration provisions, and then signed the Written Consents and Conversion/Merger Agreements, which expressly stated that the operating agreements would be converted to partnership agreements after the PLLC and LLC were converted to partnerships.

Stubblefield concedes that he signed and consented to the Operating Agreements for the PLLC and LLC, and these agreements clearly contain arbitration clauses. Stubblefield also does not dispute signing and consenting to the Written Consents and the attached and incorporated Conver-

sion/Merger Agreements.[1] The Conversion/Merger Agreements explicitly state that the Operating Agreements for the prior PLLC and LLC shall become the partnership agreements for the newly-formed partnerships, and also state that the partnerships shall have the same rights/duties, contractual or otherwise, that the PLLC/LLC had.

We hold that Stubblefield consented to the arbitration provisions contained in the Operating Agreements of the PLLC/LLC, and that he also consented to carrying those agreements forward and converting them to partnership agreements, which would now govern the partnership. We affirm the Trial Court's finding that Stubblefield assented to arbitration. This issue is without merit.

Finally, defendants argue the Trial Court erred in failing to require plaintiffs to demonstrate that the arbitration clauses were bargained for or were reasonable. The authority relied upon by the defendants for this "requirement", however, dealt with contracts of adhesion, and determining whether an arbitration clause contained within such a contract was enforceable.[2] There is no such contention in this case. As stated in Tenn.Code Ann. § 29–5–302, a "written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract". Defendants have advanced no sufficient reason why this contract should be revoked. Thus, we hold this issue to be without merit.

The Judgment of the Trial Court is affirmed and the cost of the appeal is assessed to Steven Stubblefield, and the Steven B. Stubblefield Trust.

1. Stubblefield does dispute that these documents appropriately bind the P.C. and the Trust. He testified in his deposition, however, that when he signed documents, he was signing on behalf of the P.C., even if the document did not so indicate. The documents both indicate that he was signing on behalf of the P.C. and/or the Trust.

2. *Howell v. NHC Healthcare–Fort Sanders, Inc.,* 109 S.W.3d 731, 732 (Tenn.Ct.App. 2003); *Raiteri v. NHC Healthcare/Knoxville, Inc.,* No. E2003–00068–COA–R9–CV, 2003 WL 23094413, at *7 (Tenn.Ct.App. Dec.30, 2003).