# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 9, 2013 Session

# FONDA BLAIR v. RUTHERFORD COUNTY BOARD OF EDUCATION, ET AL.

### Appeal from the Chancery Court for Rutherford County
### No. 10CV698     Timothy L. Easter, Chancellor

---

### No. M2012-00968-COA-R3-CV - Filed July 19, 2013

---

Teacher who brought action against Rutherford County, the Rutherford County Board of Education, and two employees of the Board appeals the grant of defendants' motion for summary judgment and dismissal of her claim that defendants violated the Education Truth in Reporting and Employee Protection Act of 1989, as well as her claims for invasion of privacy, abuse of process, misrepresentation, and harassment. We affirm the trial court's holding that there is no general cause of action under the Education Truth in Reporting and Employee Act of 1989. Finding that there are genuine issues of material fact with respect to Plaintiff's claim for retaliation which preclude summary judgment, we reverse and remand for further proceedings. We affirm the trial court's dismissal of the remaining claims.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part; Reversed in Part; and Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

Fonda Blair, Murfreesboro, Tennessee, Pro Se

Josh A. McCreary, Murfreesboro, Tennessee, for the Appellees, Rutherford County Board of Education, Rutherford County Tennessee, Ken Nolan and Martha Millsaps.

## OPINION

### I. FACTS AND PROCEDURAL HISTORY

Fonda Blair ("Plaintiff") was employed as a teacher with the Rutherford County school system for thirty-two years, and began working as a history teacher at Siegel High

School in 2005. On May 3, 2010, Plaintiff sued the Rutherford County Board of Education; Rutherford County; Ken Nolan, the principal of Siegel High School; and Martha Millsaps, an administrative worker at the school ("Defendants"). Plaintiff asserted that Defendants had violated the Education Truth in Reporting and Employee Protection Act of 1989 ("ETREPA"), Tenn. Code Ann. § 49-50-1401, et seq., by "willfully and intentionally inaccurately communicat[ing] Plaintiff's [Tennessee Value-Added Assessment System ("TVAAS")][1] scores to the state."[2] Plaintiff amended her complaint to allege that she met with a representative of the Tennessee Department of Education and that an investigation into her allegations of misconduct against Defendants had resulted in a recommendation that she "needed to report this [inaccuracies] to the Local School Superintendent." Defendants answered, denying any misconduct and asserting affirmative defenses.[3]

Plaintiff amended her complaint a second time to include additional factual allegations and to assert claims for invasion of privacy and harassment; the second amended complaint sought $250,000 in damages from each defendant as well as discretionary and court costs.

---

[1] The TVAAS model operates to measure the effectiveness of individual educators. In her brief, Plaintiff explained the scoring system, basing her explanation on an article from the Journal of Personnel Evaluation in Education:

> [T]he test scores utilized by TVAAS statistical model that measure growth are based on test score statistical models to measure growth utilizing the Tennessee Course Assessment Program (TCAP) and End of Course (EOC) assessment tests taken at the end of the school year by high school students in selected subjects. . . . The TVAAS model uses the scale scores of the students' previous test scores to predict, based on what the students did in the past in subjects, what they should do on the EOC . . . predicted score, and thereupon compares it statistically to the observed [score] on the EOC. The TVAAS statistical system saves the achievement scores of every student over several years to form a continuous record (a longitudinal record). Every student's record is also linked to the school district and school that the student attended, and to the individual student's teachers. Conclusions are based not only upon each student's growth over the previous year, but also on averages of the student's growth over a three-year period.

[2] Plaintiff's original complaint sought "injunctive relief, payment of lost wages resulting from lost work and opportunities for advancement, actual damages, attorney's fees, court costs, expert witness fees, other expenses."

[3] Defendants asserted the following affirmative defenses: that Rutherford County and the Rutherford County Board of Education are not persons as defined at Tenn. Code Ann. § 49-50-1401; that the complaint failed to state a claim upon which relief can be granted; that Plaintiff's claim was barred as there was no disciplinary action or threat thereof; that the claim was barred under the applicable statute of limitations; the defense of comparative default; that Plaintiff failed to make an allegation of waste or mismanagement of public funds as required by the Act; and that Plaintiff failed to make a report in compliance with Tenn. Code Ann. § 49-50-1408.

Defendants thereafter moved for summary judgment, asserting that ETREPA did not provide a general cause of action in favor of an individual plaintiff, that Plaintiff's claims were barred by the Tennessee Governmental Tort Liability Act ("GTLA"), that the individual Defendants had immunity under the "public duty doctrine," and that Plaintiff had suffered no damages. The motion was supported by various depositions and an affidavit. Plaintiff sought to amend her complaint again; this request was denied by the court.

The trial court entered an order granting Defendants' motion for summary judgment. The court held that there was no private cause of action under ETREPA, other than a cause of action for retaliation. With respect to the alleged retaliation, the court concluded that Plaintiff suffered no disciplinary action as a result of her complaints to the Department of Education and that she could not demonstrate any damages in light of the lack of disciplinary action and the lack of evidence that her TVAAS scores had been lowered. The court held that Plaintiff's claims for invasion of privacy, abuse of process, misrepresentation, and harassment were barred under the GTLA.[4]

Plaintiff appeals, asserting that the trial court erred in granting Defendants' motion for summary judgment and in failing to properly supervise discovery.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Draper v. Westerfield*, 181 S.W.3d 283, 288 (Tenn. 2005). We review the summary judgment decision as a question of law. *Finister v. Humboldt Gen. Hosp., Inc.*, 970 S.W.2d 435, 437 (Tenn.1998). Accordingly, this court must review the record *de novo* and make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been met. *Eadie v. Complete Co., Inc.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). In our review, we consider the evidence presented at the summary judgment stage in the light most favorable to the non-moving party, and we must afford that party all reasonable inferences. *Draper*, 181 S.W.3d at 288; *Doe v. HCA Health Servs., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001); *Memphis Hous. Auth. v. Thompson*, 38 S.W.3d 504, 507 (Tenn. 2001). We determine first whether factual disputes exist and, if so, whether the disputed fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd*, 847 S.W.2d at 214; *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998). "If there is a dispute as to any material fact or any

---

[4] The court stated that, although invasion of privacy, abuse of process, misrepresentation, and harassment were not specifically pled in Plaintiff's Amended Complaint, it was construing the complaint as raising these claims.

doubt as to the conclusions to be drawn from that fact, the motion must be denied." *Byrd*, 847 S.W.2d at 211.

### III. ANALYSIS

### A. Violation of ETREPA

#### 1. Private Cause of Action

Before reaching the issue of whether summary judgment was proper with respect to Plaintiff's claims under ETREPA, we must determine as a matter of law what, if any, cause of action is available to Plaintiff under the act. Plaintiff contends that ETREPA "provides for a private cause of action for damages or at least a mechanism, administrative or judicial or both, for correction of manifest errors."

The purpose of the Act is set forth at Tenn. Code Ann. § 49-50-1402:

(a) The purpose of this part is to discourage persons, whether employed, elected or appointed, who are required to furnish statistical data, reports or other information to local or state departments, agencies or legislative bodies, from knowingly and willfully making or causing to be made any false or inaccurate compilation of statistical data, reports or information related to the operation of [a Local Education Agency ("LEA")] as defined in § 49-1-103. It is the intent of the general assembly to reduce the waste and mismanagement of public education funds, to reduce abuses in governmental authority and to prevent illegal and unethical practices.
(b) To help achieve these objectives, the general assembly declares that public education employees should be encouraged to disclose information on actions of LEAs that are not in the public interest and that legislation is needed to ensure that any employee making those disclosures shall not be subject to disciplinary measures, discrimination or harassment by any public official.

ETREPA prohibits the following:

No person or persons required by state law, or rules or regulations promulgated pursuant to those laws to collect, manage, review and maintain accurate records pertaining to the operation of an LEA shall knowingly and willfully make or cause to be made any false statement in any detail of statistical or financial data, reports or other information requested or required by a state official, employee, agency, department, board, commission or other body in

the executive branch of state government, or any board, commission, committee, member or employee of the legislative branch of state government.

Tenn. Code Ann. § 49-50-1404; *see also* Tenn. Code Ann. § 49-50-1405 (prohibiting the same conduct with respect to information provided to law enforcement or the judiciary). As penalty for violating Tenn. Code Ann. §§ 49-50-1404 and -1405, the violator must "forfeit all pay and compensation for the position held for a period not to exceed one (1) year, be subject to dismissal, removal or ouster from the office or position and be ineligible for election or appointment for the same or a similar position for five (5) years." Tenn. Code Ann. § 49-50-1406. Further, ETREPA provides that any person found to have "personally profited" from violations of Tenn. Code Ann. §§ 49-50-1404 and -1405 "shall be liable to the affected LEA or state department or agency." Tenn. Code Ann. § 49-50-1407.

As detailed above, the penalties for violating ETREPA are found at Tenn. Code Ann. §§ 49-50-1406 and -1407. There is no provision in ETREPA's statutory scheme that allows for an individual like Plaintiff, who alleges that she has been harmed by violations of Tenn. Code Ann. § 49-50-1404, to bring suit to correct perceived errors or to recover damages arising out of the violation of ETREPA. Thus, the trial correctly held that ETREPA does not provide the cause of action asserted by Plaintiff.

### *2. Cause of Action under Tenn. Code Ann. § 49-50-1409(a) for Retaliation*

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party may accomplish this by either: (1) affirmatively negating an essential element of the non-moving party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8–9 (Tenn. 2008). If the moving party's motion is properly supported, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5 (citing *Byrd v. Hall*, 847 S.W.2d 208, 215(Tenn. 1993)). The non-moving party may accomplish this by:

(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. Rule 56.06.

*Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted).

ETREPA includes a cause of action for persons who have reported under its provisions and have suffered disciplinary action as a result. Tenn. Code Ann. § 49-50-1409(a) provides:

> Any person reporting under this part shall have a civil cause of action against any person or employer who causes a disciplinary action or threat of disciplinary action against the reporting person. An action commenced pursuant to this part may seek appropriate injunctive relief or damages for each violation of this section.

Thus, to succeed under Tenn. Code Ann. § 49-50-1409(a), Plaintiff must prove that she is (1) a "person" as defined by ETREPA[5]; (2) who has reported under ETREPA's provisions[6]; and (3) who has suffered disciplinary action or threat of disciplinary action as a result.[7]

In their motion for summary judgment, Defendants sought to negate the second and third elements of Plaintiff's claim under Tenn. Code Ann. § 49-50-1409—i.e. that Plaintiff made a report under ETREPA and that she suffered disciplinary action or threat thereof as a result. In support of their motion, Defendants filed the depositions of Vicky Smith and

---

[5] Tenn. Code Ann. § 49-50-1403(3) defines "person" for the purposes of ETREPA as including "members of the local board of education, the director of the school system, supervisors, principals and other individual school system employees."

[6] Tenn. Code Ann. § 49-50-1408 provides a procedure for reporting violations of ETREPA:

(a) Any person having knowledge of a knowing or willful falsification within the meaning of §§ 49-50-1404 and 49-50-1405 or the waste or mismanagement of public education funds may report or disclose the falsification, waste or mismanagement to the department of education or committee of the general assembly or individual official, member or employee of the department or committee.
(b) The department shall make a thorough investigation of any written report of falsification, waste or mismanagement. No investigation of anonymous reports shall be required by this part. Reports of alleged falsification, waste or mismanagement shall be confidential only to the extent the person reporting requests that the person's name not be revealed.
(c) No penalty shall attach to the failure to report and a person reporting shall be presumed to be acting in good faith and shall thereby be immune from any liability, civil or criminal, that might otherwise be incurred or imposed for the reporting

[7] ETREPA defines disciplinary action as "any direct or indirect form of discipline or penalty, including, but not limited to, dismissal, demotion, transfer, reassignment, suspension, reprimand, admonishment, reduction in force, withholding of work, unsatisfactory or below standard performance evaluation or the threat of such discipline or penalty." Tenn. Code Ann. § 49-50-1403(1).

Plaintiff, the affidavit of Ken Nolan, the principal of Siegal High School, and a statement of undisputed material facts.

With respect to the second element, Defendants concede that Plaintiff made numerous complaints to Vicky Smith, an employee with the Tennessee Department of Education, regarding perceived irregularities in the calculation of her TVAAS score. Defendants contend, supported by Ms. Smith's deposition, that Plaintiff failed to make the report required by Tenn. Code Ann. § 49-50-1409(a) because, at the close of her investigation, Ms. Smith concluded that there were no irregularities or violations of state statute.

The cause of action set forth at Tenn. Code Ann. § 49-50-1409(a) does not require that Plaintiff prove that the allegations made in the report ultimately resulted in a finding of wrongdoing. One of the purposes of ETREPA, as set forth in Tenn. Code Ann. § 49-50-1402, is to encourage the disclosure of information and to protect those who make such disclosures from disciplinary action. ETREPA further provides that a person reporting under its provisions "shall be presumed to be acting in good faith." Tenn. Code Ann. § 49-50-1408(c). Thus, the second element of Plaintiff's claim requires only that she show that she made a report. Defendants' evidence that Plaintiff's report did not result in a finding of irregularity does not negate the second element of Plaintiff's claim and consequently does not serve as a basis for summary judgment.

With respect to the third element, Defendants sought to show that Plaintiff suffered no disciplinary action or threat thereof as a result of her report to the Department of Education. In his affidavit, Mr. Nolan attested that "[Plaintiff] has never been demoted, fired, reassigned, or in any way suffered a disciplinary action as a result of any allegations made in the Complaint, as amended." By presenting evidence that Plaintiff did not suffer disciplinary action, Defendants shifted the burden of production to Plaintiff to show that a genuine issue of material fact existed in this regard.

Plaintiff submitted a document styled, "Statement of Facts in Opposition to Defendants' Motion for Summary Judgment" which disputed facts in Defendants' statement of undisputed material facts and Defendants' motion for summary judgment. In this document, Plaintiff responded to Defendants' statement that "[Plaintiff] admitted that she had never lost pay," as follows: "After I filed the lawsuit, I was denied the right to teach summer school for ½ semester in 2009 (2,700) and entire summer in 2010 (5,400)." In her deposition, Plaintiff stated that she taught one session of summer school in 2010, but did not

teach summer school in 2009, and that she was kept from teaching summer school due to the report she made to the Board of Education.[8]

The trial court granted Defendants' motion for summary judgment, stating:

> The Plaintiff claims at section VI of her Amended Complaint that she was "retaliated against for whistle blowing" which affected her summer school employment.
> . . . According to the Plaintiff and Ken Nolan, Ms. Blair has received no disciplinary action. The Plaintiff was not terminated, demoted or transferred. She has not been reassigned or suspended or admonished. Furthermore, in her deposition she was unable to establish that she actually lost summer school teaching opportunities.

"Withholding of work" is included in the definition of "disciplinary action" at Tenn. Code Ann. § 49-50-1403(1); Plaintiff's allegation that she was not hired to teach summer school as she had been in the past meets the definition of "withholding of work." The materials put forth by Plaintiff relative to her loss of summer school employment satisfied her responsibility to produce evidence establishing a genuine issue of material fact regarding whether she was retaliated against as a result of her report to the Board of Education; consequently, Defendants failed to negate the third element of the Plaintiff's Tenn. Code Ann. § 49-50-1409(a) claim.

Because the Defendants failed to negate the second and third elements of Plaintiff's retaliation claim, summary judgment was inappropriate.

---

[8] Plaintiff testified in her deposition as follows:

Q:      . . . So when we get to damages, you asked for lost wages. From what?
A:      Summer school.
Q:      Okay. So you this you - - that's the wages, what you think you should have gotten because you should have been able to work summer school in '09.
A:      Right. It was a very hostile environment. After the investigation when I didn't call the investigation off, it was a change. It was a fury like I've never seen before.

**B. Summary Judgment with Respect to Other Claims**

Plaintiff contends that the trial court erred in granting Defendants' motion for summary judgment with respect to her claims of invasion of privacy, abuse of process, misrepresentation, and harassment.[9]

***1. Claims against Rutherford County and the Rutherford County Board of Education***

The court granted Defendants' motion for summary judgment with respect to Plaintiff's remaining claims against Rutherford County and the Rutherford County Board of Education holding that these defendants were immune from suit pursuant to the GTLA.

Under the GTLA, governmental entities[10] are immune from suit for injuries that occur due to discharge of their functions. Tenn. Code Ann. § 29-20-201; *Hill v. City of Germantown*, 31 S.W.3d 234, 236 (Tenn. 2000) (citing *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997)). Tenn. Code Ann. § 29-20-205 removes governmental immunity for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment," but then reinstates immunity for enumerated causes of action. The following are among the causes of action for which immunity is reinstated:

> (2) False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights;
> * * *
> (6) Misrepresentation by an employee whether or not such is negligent or intentional;

Tenn. Code Ann. § 29-20-205.

---

[9] In her brief, Plaintiff also contends that she set forth a prima facie case for retaliatory discharge under Tenn. Code Ann. § 50-1-304 and that Defendants engaged in discriminatory practices as defined by Tenn. Code Ann. § 4-21-301. Plaintiff did not raise these issues at trial, and it is well-settled that issues not raised at trial may not be raised for the first time on appeal. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). We will not consider Plaintiff's contentions with respect to Tenn. Code Ann. §§ 50-1-304 and 4-21-301.

[10] Governmental entities are defined to mean political subdivisions of the state. Tenn. Code Ann. § 29-20-102.

In accordance with the plain language of Tenn. Code Ann. § 29-20-205, the trial court correctly held that Rutherford County and the Rutherford County Board of Education are immune from liability and suit with respect to the claims of abuse of process, invasion of privacy, and misrepresentation.

The remaining cause of action against Rutherford County and the Rutherford County Board of Education is harassment. In her brief on appeal, Plaintiff states that she "asserted a cause of action for malicious harassment under Tennessee Code Annotated § 4-21-701."[11] This Court has held that a malicious harassment claim under Tenn. Code Ann. § 4-21-701 "must be premised upon the specific categories set forth in the criminal statute, i.e. 'race, color, ancestry, religion or national origin.'" *Oates v. Chattanooga Pub. Co.*, 205 S.W.3d 418, 427–28 (Tenn. Ct. App. 2006). We have reviewed the amended complaint and note that Plaintiff made no allegation that she was harassed due to her race, color, ancestry, religion or national origin; thus, Defendants were entitled to judgment as a matter of law with respect to this claim.[12]

## 2. Claims against the Individual Defendants

The trial court held that the Amended Complaint failed to state any cause of action against the individual defendants and that, "[t]o the extent the Plaintiff is attempting to make claims against Mr. Nolan and Ms. Millsaps individually, such claims are not support[ed] by the record for Summary Judgment purposes." Further, the court held that "no specific personal allegations against Mr. Nolan or Ms. Millsaps are made outside the scope of their employment with the Rutherford County School Board."

We have reviewed the complaint, and note as the trial court did below, that we must construe the narrative contained therein in order to determine that Plaintiff intended to set forth causes of action for invasion of privacy, abuse of process, misrepresentation, and harassment. Although the complaint describes conduct on the part of Mr. Nolan and Ms.

---

[11] Tenn. Code Ann. § 4-21-701 states:

(a) There is hereby created a civil cause of action for malicious harassment.

(b) A person may be liable to the victim of malicious harassment for both special and general damages, including, but not limited to, damages for emotional distress, reasonable attorney's fees and costs, and punitive damages.

[12] The trial court concluded that Plaintiff's harassment claims were barred by the GTLA; because Plaintiff did not make a claim of sexual harassment in the amended complaint, we do not address the court's holding.

Millsaps, much of this conduct relates to alleged violations of ETREPA, which does not create a private cause of action. The complaint does not allege facts that would hold Mr. Nolan or Ms. Millsaps individually liable for invasion of privacy, abuse of process, misrepresentation, or harassment; the trial court correctly held that these claims should be dismissed with respect to the individual defendants.

## C. Discovery Matters

Plaintiff contends that the trial court erred in failing to properly supervise discovery. In her brief, Plaintiff does not cite efforts she made to secure discovery or specific orders of the court in this regard. Defendants contend that any such issues were not raised in the trial court and are not properly before this court. Because these matters were not raised at the trial court, we will not consider them on appeal.

## III. CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment with respect to Plaintiff's claim of retaliation under Tenn. Code Ann. § 49-50-1409(a) and remand for further proceedings. We affirm the trial court's judgment in all other respects.

Plaintiff has requested that the case be reassigned to a different judge on remand. In light of the adoption of Tenn. Sup. Ct. R. 10 regarding motions to recuse, Plaintiff should address her concerns to the trial court.

_____
RICHARD H. DINKINS, JUDGE